JOHN FEISTER

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa June 16, 1888.*

CRIMINAL LAW — *attempt to commit burglary — sufficiency of the evidence.* On the trial of one for an attempt to commit a burglary, it appeared that the building sought to be entered was occupied as a saloon; that on Sunday morning, about eleven o'clock, the defendant attempted to enter the room through a back window, the sash of which had been left down; that about a half hour before, he had been in the saloon and got liquor to drink, and that when caught in the act of trying to get through the window, he said he wanted whisky. There was a back door to the saloon, through which persons entered on Sunday. The defendant testified that he went to the saloon to get another drink, and found the back door locked; that he thought there were some persons in who refused to admit him or answer him; that he then went to the window and looked over the sash, which was down, and that his only object was to get whisky. It also appeared he was under the influence of liquor: *Held,* that the evidence was not sufficient to justify a conviction.

WRIT OF ERROR to the Circuit Court of Iroquois county; the Hon. ALFRED SAMPLE, Judge, presiding.

Messrs. PAYSON & RAYMOND, for the plaintiff in error.

Mr. GEORGE HUNT, Attorney General, and Mr. R. W. HILSCHER, State's Attorney, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

At the November term, 1887, of the circuit court of Iroquois county, an indictment was presented in open court, against John Feister, charging him with an attempt to commit burglary. It is averred the accused attempted to break into the storehouse of one George Laub, with intent to steal the goods of the said Laub kept in such building. On the trial defendant was found guilty, and the punishment he should suffer was

fixed by the verdict of the jury at one year in the penitentiary. A motion for a new trial was overruled, and the court pronounced judgment on the verdict. It is to reverse that judgment defendant brings the case to this court on error.

Numerous errors are assigned on the record, but in the view taken it will only be necessary to consider the sixth of the series, viz., the verdict of the jury is against the law and the evidence.

The storehouse it is alleged defendant attempted to break and enter, was occupied by the prosecuting witness, Laub, as a saloon, in which he kept for sale the usual stock of liquors. It is situated in the midst of the village or little city of Watseka. That which was done by accused was done on Sunday morning, about eleven o'clock, on a day in the month of May, and at an hour when it might be supposed persons were passing and repassing. The witness Williams had been in the saloon that morning, and he, with another person, had been scrubbing the room, and after they got through, before leaving, as they did shortly after finishing their work, they "left the top window down to air it out." That was a window in the rear of the building. There was also a door in the rear end of the room, through which, the evidence tends to show, persons who desired to visit the saloon on Sunday entered. Defendant says he had been at the saloon, and entered by that door on that morning and obtained some whisky. When Williams left the saloon he went out at the front door, but on his return, shortly thereafter, he went down the alley to the rear of the saloon. It was there he saw defendant "leaning through the top of the window. His body was about half-way over. The screen was torn off. * * * I asked him what he was doing. He said he wanted whisky." This is the substance of all that is alleged by the prosecution against defendant. The accused was a witness in his own behalf, and the explanation he gives of his conduct is as follows: "Remember of being at the rear end of his saloon on the Sunday in question. Had

been there before on that morning, and had been in the saloon. Albert Williams, Trammel, and two or three more, were there. I got liquor there that morning. It was about an hour and a half after this that I went back the second time. Went back there for the purpose of getting a drink. I went back there and looked through the key-hole. I thought they were in there and that they were playing 'Shenanagen' on me. I went to the window and looked over. It was down at the top. When I was spoken to I said, 'I want whisky.' I rapped on the door when I went there. I says, 'Are you in?' and nobody answered me. I thought they were in the room and would not let me in. Had no other object or purpose there, only to see if some one was in there. I only wanted to see if somebody was there."

While defendant's conduct is not free from censure, the evidence is hardly sufficient to show he attempted to commit a burglary. The time, place and all the circumstances are inconsistent with that theory of the case. The accused had purchased whisky at the saloon that morning, and had drank it, and no doubt he was much under its influence. It had inflamed his desire for more, and he returned with a view to obtain it. That is a reasonable explanation of his conduct. It may be true, as he relates in his testimony, he thought there were persons in the saloon, and that they would not open it to him. Conceding that to be all he did, of course it falls short of proving him guilty of the attempt to commit burglary, and the judgment is warranted neither by the law nor the evidence.

The judgment will be reversed, and the cause remanded.

*Judgment reversed.*