DAVE JENKINS, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

1. Questions on the cross-examination must be confined to the matters elicited on the direct, unless to test memory, credibility etc.

2. Error in excluding a question is without injury where the question is afterwards answered without objections.

3. Where it is sought to show drunkenness of the defendant in excuse for crime, questions not limited to the condition of the defendant, but tending to raise the immaterial issue of the use of intoxicating liquor by "the boys" are properly excluded.

4. Paying for stolen property will not purge the original taking of its felony or constitute a defense to a prosecution therefor, and hence evidence of that fact is properly excluded.

5. The defendant cannot show self-serving acts before or subsequent to the crime, for this would permit him to make evidence for himself.

6. After a witness has been examined in chief and is recalled in rebuttal, the court may properly prevent a simple repetition of his testimony. A party after his examination of a witness and after closing his testimony has no absolute right to recall this witness to establish matters not in rebuttal. Whether this rule ought to be varied is a question for the trial court, and an appellate court, if it interferes at all, will only do so where it sees that injustice has been done through this action.

7. To constitute the crime of breaking and entering a store house with intent to commit petit larceny, the defendant must have had an intent to commit the misdemeanor in the house, otherwise the breaking and entering would amount to a trespass.

8. Upon the trial of a defendant for breaking and entering with intent to commit a misdemeanor, his intoxication, though voluntary, becomes a matter for consideration by the jury with reference to the ability of the accused to form or entertain such intent. If therefore, the defendant was too intoxicated to entertain or form this essential particular intent, such intent could not exist and the crime of which it is a necessary element could not be committed by him.

9. A criminal intent is not necessarily implied from the simple fact of breaking and entering, but the question as to whether the defendant was capable of the criminal intent is a question of fact to be decided by the jury from all the circumstances of the case.

10.   Upon a trial for breaking and entering with intent to commit
     a misdemeanor, the verdict of guilty will not be set aside upon
     the ground of drunkenness of the defendant where the evi-
     dence falls short of showing that he was intoxicated at or
     immediately before he broke and entered the building to such
     an extent that he was unable to form or entertain the intent
     to commit the misdemeanor charged.

This case was decided by Division B.

Writ of Error to the Circuit Court for Taylor
County.

The facts in the case are stated in the opinion of the
court.

*L. E. Roberson,* for Plaintiff in Error.

*Park Trammell,* Attorney General, for the State.

PARKHILL, J.—The plaintiff in error was convicted of
the crime of breaking and entering a store house of J. N.
Goodman with the intent to commit the misdemeanor of
petit larceny.

On cross examination of the prosecuting witness Good-
man, counsel for the defendant asked the following ques-
tion:—"Did you give the boys some whiskey while they
were there that morning?" In the same way, the de-
fendant asked the State's witness, Dick York, the follow-
ing question:—"Did the boys drink anything while in
there?" Objections to these questions were sustained,
and these rulings are made the basis of the first and
second assignments of error. There was no error here.
The first question was not in cross of anything brought
out on the direct examination. Even if the second ques-
tion could be said to be in cross of the direct examination
of the witness, it was fully answered upon cross examina-
tion of this witness when he was recalled by the State in

rebuttal later on. Besides, the defendant did not make the materiality of these questions to appear; and if they were intended to show the drunkenness of the defendant in excuse for the crime, the inquiry was not limited to the condition of the defendant, but tended to raise the immaterial issue of the use of intoxicating liquor by "the boys."

The third, fourth, fifth, sixth, seventh and eighth assignments of error have been argued and may be considered together. They are based upon the action of the court in sustaining objections to questions that sought to elicit the information that the defendant subsequently went to Mr. Goodman and made reparation by paying for the property taken. There was no error here. Paying for stolen property will not purge the original taking of its felony or constitute any defense to a prosecution therefor, and hence evidence of that fact is properly excluded. 8 Ency. Ev. 130; Truslow v. State, 95 Tenn, 189, 31 S. W. Rep. 987; see Thalheim v. State, 38 Fla. 169, 20 South. Rep. 938.

These acts of the defendant constituted no part of the *res gestae* of the offense, and the State had introduced no testimony bearing on this point. The defendant cannot show self-serving acts before or subsequent to the crime, for this would permit him to make evidence for himself. Clark's Crim. Proc. 511; Thomas v. State, 47 Fla. 99, 36 South. Rep. 161; Fields v. State, 46 Fla. 84, 35 South. Rep. 185.

After the defendant had closed his testimony, Dick York was recalled as a witness for the State, and was asked this question:—"When you went to the store, as you came back from Lake Bird, and after the defendant had gone into the store and came out, then where did you go?" This question was objected to on the ground

that it was not in rebuttal of the case made by the defendant. This objection is without merit. In Coker v. Hayes, 16 Fla. 368, this court said:—"After a witness has been examined in chief and is recalled in rebuttal, the court may, very properly, prevent a simple repetition of his testimony. A party after his examination of a witness, and after closing his testimony, has no absolute right to recall this witness to establish matters not in rebuttal. Whether this rule ought to be varied is a question for the circuit court, and an appellate court, if it interferes at all, should only do so where it sees that injustice has been done through this action."

The question objected to here did not relate in any way to the testimony elicited from this witness upon his examination in chief. It seems to have been directed to a rebuttal of that part of the defendant's case that traced his movements after he had broken and entered the store, and that showed his physical and mental condition. We cannot see that the defendant suffered any injustice by this action of the trial court.

The tenth assignment raises the question whether the verdict is contrary to the evidence, it being contended that the defendant was in such a state of intoxication that he was incapable of forming an intent to commit the crime charged against him. To constitute this crime the defendant must have had an intent to commit the misdemeanor in the house, otherwise the breaking and entering would amount to a trespass only. 5 Am. & Eng. Ency. Law (2nd ed.) 59. This being so, the intoxication of the defendant at the time of the breaking and entering of the building, though voluntary, became a matter for consideration by the jury with reference to the ability of the accused to form or entertain such intent. If, therefore, the defendant was too intoxicated to entertain or be capable of forming this essential particular intent,

such intent could not exist and consequently the crime of which it is a necessary element could not be committed by the defendant. Garner v. State, 28 Fla., 113, 9 South. Rep. 835; Cook v. State, 46 Fla. 20, 35 South. Rep. 665; Ryan v. U. S., 26 App. Cas. (D. C.) 74, 6 A. & E. Anno. Cas. A criminal intent is not necessarily implied from the simple fact of breaking and entering, but the question as to whether the defendant was capable of the crim-inal intent is a question of fact to be decided by the jury from all the circumstances of the case. Jones v. State, 18 Fla. 889, text 896; State v. Bell, 29 Iowa 316; People v. Phelan, 93 Cal. 111, 28 Pac. Rep. 855; Feister v. People, 125 Ill. 348, 17 N. E. Rep. 748; see also, Ashford v. State, 36 Neb. 38, 53 N. W. Rep. 1036; U. S. v. Bowen, 4 Cranch (C. C.) 604; State v. Maxwell, 42 Iowa 208.

Considering the evidence in the light of these principles of the law, it is not sufficient to authorize us to set aside the verdict that has been rendered by a jury and approved by a judge who saw the witnesses and heard them testify. While there are general statements by the witnesses that the defendant was drunk at different times during the day, it falls short of showing that the defendant was intoxicated at or immediately before he broke and entered the store to such an extent that he was unable to form or entertain the intent to commit the misdemeanor therein.

The judgment is affirmed.

TAYLOR and HOCKER, JJ., concur.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, JJ., concur in the opinion.