CARL EKMAN, LONNIE WILLIAMS, CLINE FARRIS AND
IRA GOODSON v. STATE.

161 So. 716.
Division B.
Opinion Filed May 30, 1935.

*Roach & Hoyl,* for Plaintiffs in Error;.

*Cary D. Landis,* Attorney General, and *Roy Campbell,*
Assistant for the State.

BUFORD, J.—The writ of error brings for review judg-
ment of conviction of the offense of larceny of a cow.

Plaintiffs in error only question the sufficiency of the
evidence to sustain the verdict.

The unlawful taking, killing and converting of the prop-
erty by the defendants is fully established; in fact, the de-
fendants admitted taking and killing the cow without any
pretense of right or ownership. Their theory of defense
was that they were so drunk by the use of intoxicating
liquor that they did not know or remember anything about
the details or butchering and taking the cow away in a truck
and were, by reason of such intoxicated condition, incapable
of forming or entertaining the criminal intent to commit
the act. Defendants evidently hoped to bring themselves
apparently within the rule stated in the case of Garner v.
State, 28 Fla. 113, 9 So. 835.

The record shows that the defendants left the head of
the cow with a metal tag in one ear and an "S" brand on
the jaw in the marsh a short distance from where they

butchered the cow and that one of the defendants remembered enough about the matter to take the officers to the scene and show them where the head had been thrown in the marsh. There the head was found.

The Court, amongst other things, charged the jury as follows:

"I charge you further that where a specific intent is required to make an act an offense, such as in the charge preferred against the defendants on trial, the doing of the act does not raise a presumption that it was done with that specific intent. The intent must be established from the facts and circumstances established by satisfactory evidence during the trial of the case.

"The Court charges you, gentlemen, that one of the defenses in this case is that the defendants were intoxicated to such an extent that they were incapable of forming the intent. In cases of which a specific or particular intent is an essential or constituent element of the offense, intoxication, though voluntary, becomes a matter for consideration or is relevant evidence, with reference to the ability of the accused to form or entertain such intent. Where a person is too intoxicated to entertain or be capable of forming an essential particular intent, such intent cannot exist, and consequently the offense of which it is a necessary element cannot be perpetrated."

The defendants could have asked no fairer charge.

The jury just did not believe that defendants were so intoxicated as to be incapable of forming and entertaining a criminal intent. The entire record convinces us that the jury was amply justified in reaching the conclusion evidenced by the verdict.

The judgment should be affirmed.

It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.