PER CURIAM.
The appellant was found guilty, in the Criminal Court of Record of Dade County, of breaking and entering a dwelling house with intent to commit a misdemeanor and of petty larceny. On this appeal he contends that the evidence was insufficient because the State failed to establish criminal intent. It is urged that it reasonably appeared from the evidence that the appellant was so intoxicated, at the time of the breaking, and the taking, that he was incapable of entertaining the specific criminal intent required. See Britts v. State, 158 Fla. 839, 30 So.2d 363 (1947). But cf. Young v. State, Fla.App.1964, 162 So.2d 297.
The appellant left his home when his mother refused him money to buy more liquor. He went into a dwelling in another neighborhood and came out with several small appliances which were particularly adapted to conversion into cash. He fled upon being approached by a policeman and was apprehended at a considerable distance from the dwelling he had entered.
The record impels a conclusion that the appellant was voluntarily under the influence of alcohol at the time of the breaking and the taking, but voluntary intoxication does not of itself prove absence of intent. Hall v. State, 78 Fla. 420, 83 So. 513, 8 A.L.R. 1034 (1919). See generally, 9 Fla.Jur., Criminal Law § 184.
Upon reviewing the record, we find that there was substantial evidence upon which the trial court, as the trier of facts, could have found that the element of intent had been proved beyond a reasonable doubt. See Johnson v. State, Fla.App.1958, 101 So.2d 180; Eizenman v. State, Fla.App. 1961, 132 So.2d 763.
Affirmed.