382 So.2d 844 (1980)
Rubin James MAULDIN, Appellant,
v.
STATE of Florida, Appellee.
No. PP-174.
District Court of Appeal of Florida, First District.
April 22, 1980.
*845 Rubin James Mauldin, in pro. per.
Jim Smith, Atty. Gen., for appellee.
LARRY G. SMITH, Judge.
This is an appeal from a denial of a motion for post-conviction relief. The trial court found that the motion, which alleges ineffective assistance of counsel, was without merit. We affirm.
Appellant was charged with the first degree murder of his father-in-law, Richard Bell. Prior to trial, he notified the State that he intended to rely on the defense of insanity caused by long, continuous and excessive use of alcohol. The jury convicted appellant of the crime charged. On appeal, this court affirmed the trial court's instructions on insanity and on intoxication as rendering a person incapable of a crime requiring specific intent and the Supreme Court denied certiorari. Mauldin v. State, 351 So.2d 753 (Fla. 1st DCA 1977), cert. den. 362 So.2d 1055 (Fla. 1978).
In the affidavit attached to his motion, appellant relates his long history of alcoholism and alleges that his attorney never took a full history of this addiction. He claims his attorney did not present his defense to the jury and he argues that his attorney should have sent him to a psychiatrist. Finally, he states that he could not answer many of his attorney's questions about the day of the shooting because so much of the day was like a dream and he couldn't distinguish what actually happened from what he imagined happened.
After reviewing the record, we agree with the trial judge that the facts in this case conclusively show that appellant's attorney did present his defense that chronic alcoholism, not he, was directly responsible for the killing. At his trial, appellant testified in his behalf that he had been drinking heavily the morning of the murder and had returned home "full of liquor." He did not remember arguing with his wife over the deed to his house, which apparently belonged to his father-in-law, but he did remember going to the home of Mr. and Mrs. Bell. At the Bell house, he recalled "standing up in the door." Although he did not remember having any words with Mr. Bell, he was conscious of a gun going off but he did not know if he had fired it. He went to sleep on the porch and recalled running down the street with Deputy Poppell while in handcuffs. The next thing he remembered was waking up in jail. In addition to his testimony, there was testimony from several defense witnesses that appellant had been a heavy drinker for years. One drinking companion testified to appellant's strange behavior for several months preceding the shooting. He stated that on the morning of the shooting, he noticed appellant was crying while walking home from the bar and he commented that this was highly unusual behavior for appellant. Finally, in his closing argument to the jury, appellant's counsel urged the jury to consider the evidence of intoxication as it related to temporary insanity and the appellant's ability to form the specific intent necessary for premeditated murder.
In spite of this testimony, the jury was obviously persuaded by other testimony that appellant intended the death of the deceased. The record reveals the testimony of several people, who testified that after the shooting, appellant told them he had shot Bell. Further, Bell's widow testified that appellant came to their house asking about a deed, and when he was told the deed couldn't be obtained, he took a gun from under his shirt and shot Bell several times. This evidence, and the appellant's recollection of events immediately preceding *846 the shooting and afterwards, supports the jury's verdict. See Young v. State, 162 So.2d 297 (Fla. 3rd DCA 1964); Shaw v. State, 228 So.2d 619 (Fla. 2nd DCA 1969); Allen v. State, 264 So.2d 866 (Fla. 1st DCA 1972).
Concerning appellant's contention that his counsel should have had him see a psychiatrist (and presumably call the psychiatrist as a witness), we note that the decision not to call certain defense witnesses is ordinarily a matter of personal judgment on the part of defense counsel. Consequently, it is not a proper predicate for a collateral attack on the competence of counsel unless it is so irresponsibly exercised as to constitute "inadequate" representation. State v. Eby, 342 So.2d 1087, 1089 (Fla. 2nd DCA 1977). The test of effective assistance of counsel is whether counsel was reasonably likely to render and did render reasonably effective counsel based on the totality of the circumstances. Meeks v. State, 382 So.2d 673 (Fla. 1980). In our view, the record here reveals a reasonable and adequate presentation to the jury of evidence supporting appellant's defense of insanity caused by intoxication. Accordingly, appellant is not entitled to any post-conviction relief on his claim of ineffective representation by trial counsel.
Next we consider appellant's contention that he was unable to answer many of his attorney's questions about the day of the shooting. We interpret his complaint to be that he was not accorded due process because he was unable to properly assist in his own defense and, therefore, was incompetent to stand trial. However, we cannot agree.
Appellant claims that he could not remember the events of the day in question well enough to answer many of his attorney's questions. We recognize that a defendant's ability to recollect the circumstances surrounding a shooting is important. Nevertheless, amnesia, in and of itself, does not, per se, render him incapable of standing trial or of receiving a fair trial. Robbins v. State, 312 So.2d 243, 245 (Fla. 2nd DCA 1975). Appellant has simply made a bare conclusory allegation, that he was unable to answer some questions. He does not allege the questions he was unable to answer or their importance to his defense. Since appellant has not demonstrated through allegations of fact a deprivation of a constitutional right, his motion for relief was properly denied. Whitlow v. State, 256 So.2d 48 (Fla. 2nd DCA 1971).
Lastly, we note that the trial judge did not attach the portion of the record or file relied upon in denying appellant's motion as is required by Rule 3.850, Florida Rules of Criminal Procedure, and this court's decision in Calhoun v. State, 362 So.2d 726 (Fla. 1st DCA 1978). Nevertheless, because we were able to obtain the record from the file of appellant's prior appeal, we do not deem it necessary to reverse on this point.
Accordingly, the order is AFFIRMED.
ROBERT P. SMITH, Jr., and WENTWORTH, JJ., concur.