388 So.2d 1385 (1980)
Kenneth Eugene PRESLEY, Sr., Appellant,
v.
STATE of Florida, Appellee.
No. 80-192.
District Court of Appeal of Florida, Second District.
October 22, 1980.
*1386 RYDER, Judge.
Kenneth E. Presley, Sr. appeals the trial court's summary denial of his motion for post conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Presley alleges that he was denied effective assistance of counsel in that his privately retained counsel provided him with misleading advice in order to obtain a guilty plea. The circuit court summarily denied the motion based on Cappetta v. Wainwright, 203 So.2d 609 (Fla. 1967),[1] wherein the court held that inadequacy of privately retained counsel cannot provide the basis for post-conviction relief.
The trial court was without benefit of a recent United States Supreme Court decision, Cuyler v. Sullivan, ___ U.S. ___, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), wherein the court held that ineffective assistance of privately retained counsel, as well as appointed counsel, can provide grounds for federal habeas corpus relief. In that opinion, written by Justice Powell, the Court reasoned:
A proper respect for the Sixth Amendment disarms petitioner's contention that defendants who retain their own lawyers are entitled to less protection than defendants for whom the State appoints counsel.... Since the State's conduct of a criminal trial itself implicates the State in the defendant's conviction, we see no basis for drawing a distinction between retained and appointed counsel that would deny equal justice to defendants who must choose their own lawyers.
100 S.Ct. at 1716.
Applying Cuyler v. Sullivan, supra, we find that appellant's motion is legally sufficient on its face. Accordingly, we have reviewed the record in this case and have discerned the following facts.
Presley was charged by information with five counts of criminal conduct. After negotiation, he pled guilty to Counts I and II, burglary and aggravated battery, and the State nolle prossed the remaining counts. At the hearing on appellant's plea, the following colloquy transpired:
THE COURT: Do we have a psychological on this defendant?
MR. MARS: I received a psychological report and the conclusion was Mr. Presley was in an alcoholical blackout. I do not have the report with me.
THE COURT: Who gave it?
MR. MARS: Dr. Hodge.
THE COURT: Did he determine that Mr. Presley was able to assist you in this?
MR. MARS: It is not reflected in the report, but it is reflected in the conversation I had with Dr. Hodge. I explained to Mr. Presley that voluntary intoxication is not a defense in these matters.
Voluntary intoxication is a defense to specific intent crimes,[2] and burglary is a specific intent crime.[3] Consequently, the record appears to support appellant's allegation that he did not receive reasonably effective assistance of counsel.[4]
As the record does not show that appellant is entitled to no relief, the order denying post-conviction relief is reversed and the case is remanded for an evidentiary hearing on whether appellant received reasonably effective assistance of counsel.
BOARDMAN, Acting C.J., and OTT, J., concur.
NOTES
[1] The Florida Supreme Court has not yet had an opportunity to recede from Cappetta v. Wainwright, supra, but we anticipate that action being taken in light of Cuyler v. Sullivan, supra, and act accordingly.
[2] Britts v. State, 158 Fla. 839, 30 So.2d 363 (1947).
[3] Porter v. State, 341 So.2d 1017 (Fla.2d DCA 1977), cert. denied, 352 So.2d 173 (Fla. 1977).
[4] The Florida Supreme Court receded from its prior standard of "farce and mockery" and instituted a new standard of "reasonably effective assistance of counsel" in Meeks v. State, 382 So.2d 673 (Fla. 1980).