391 So.2d 245 (1980)
Kerry L. ENGLE, and Rex Denver Hall, Appellants,
v.
STATE of Florida, Appellee.
Nos. 79-369/T4-409, 79-596/T4-409A.
District Court of Appeal of Florida, Fifth District.
November 26, 1980.
Russell E. Crawford, Orlando, J. Cheney Mason, Orlando, for appellants.
Jim Smith, Atty. Gen., Tallahassee, and Kenneth G. Spillias, Asst. Atty. Gen., West Palm Beach, for appellee.
ORFINGER, Judge.
Appellants each pleaded nolo contendere to a charge of carrying a concealed firearm, *246 specifically reserving for review their right to appeal the denial of a dispositive motion to suppress. We find error and reverse.
On February 12, 1978, a maid cleaning a motel room which appellants had occupied for several days discovered what she thought were automatic rifles under the bed and some marijuana in an ashtray. When she reported this to the management, the Orange County Sheriff's office was called. While the record is not clear as to the precise sequence of events, it does appear that several deputies arrived in response to this call and after some surveillance, entered appellants' room without a warrant and removed the weapons and some other items found therein. This was the first entry and the product of that search is not directly involved in this appeal. Deputy Slimmick, who testified at the suppression hearing, said that he arrived later with two other deputies, all in plain clothes, and in the beginning they were assigned the task of watching appellants' room from the parking lot.
After waiting approximately 30 minutes and observing no activity, Deputy Slimmick and his partners went into the motel and concluding that there was no appropriate place to watch without being noticed, decided to wait in the appellants' room for the occupants to return. At that stage they did not know the identity of the occupants. After obtaining a key from the desk, they entered the motel room, again without a warrant. About 20 minutes after this second entry, the deputies were advised by radio that the rifles had been checked and were found not to be automatic weapons. About 30 minutes after this second entry, appellant Engle entered the room and was confronted by the officers with drawn guns who, after identifying themselves, frisked him and found a .22 caliber handgun on his person. Appellant Hall entered about a minute later, was also confronted and frisked and was also found to be carrying a concealed .22 caliber handgun. Appellants moved to suppress the handguns as evidence on the ground that they were illegally seized and in furtherance of an illegal arrest. At the hearing on the motion it was conceded by the State that no warrant had been obtained nor was any effort made to obtain a warrant.
We can put to rest any contention that the first warrantless entry into the motel room might have been proper. The State concedes that the record fails to support the legality of the initial entry. The State further concedes that it cannot in good faith argue that the prosecution met the burden of demonstrating the reasonableness of the warrantless search of the motel room and the subsequent seizure of the rifles and other items. The State also concedes that if the second entry into the room had been made for the purpose of searching the room[1] and had items seized as a result of that search been the subject of the motion to suppress, the State "would again be hard pressed to argue the necessity of a warrantless search and seizure given the time frame involved and the absence of any indication in the record that an attempt was made to secure a warrant." But, says the State, the handguns were not found as a result of either of the warrantless entries, but as a result of independent factors. With this proposition we cannot agree.
All searches conducted without a warrant are per se unreasonable unless conducted within the framework of a few specifically established and well delineated exceptions. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). The burden is upon the State to show that a warrantless search comes within one of the recognized exceptions. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). The five basic exceptions to the requirement for a search warrant are: (1) consent, (2) incident to a lawful arrest, (3) with probable cause to search but with exigent circumstances, (4) in hot pursuit, and (5) stop and frisk. Raffield v. State, 333 So.2d 534 (Fla. 1st DCA 1976).
Consent and hot pursuit are not involved here. Neither can the State contend that the search of appellants was in *247 connection with a lawful arrest. First, the arrest was not made until after the search. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Additionally, although not decided until after the order was entered in the case sub judice, the United States Supreme Court has now held that in determining the validity of an arrest without a warrant, it will apply the same principles as it does in determining the validity of a search without a warrant. Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). The rule emanating from Payton, is that a warrantless arrest in the suspect's home is an unreasonable seizure absent exigent circumstances. The record here is devoid of any showing of exigent circumstances. Since a guest in a hotel room is entitled to the constitutional protection against unreasonable searches and seizures, Stoner v. California, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856; Sheff v. State, 329 So.2d 270 (Fla. 1976), it is clear that a search of appellant's person in the motel room was unreasonable absent exigent circumstances, and therefore unlawful. The absence of exigent circumstances also eliminates the probable cause exception.
The State makes one more valiant effort to sustain this search when it says that any taint existing as a result of the warrantless entries into the room was attenuated by the fact that the frisk resulted from factors totally independent of these entries, and attempts to find comfort in Wong Sun, supra, which holds evidence to be admissible if obtained by means sufficiently distinguishable so as to be purged of the primary taint of an illegal search. But the State can find no comfort in that theory. To accept it, we would have to conclude that the officers were in the room for a reason unconnected with the original entries and that would be engaging in fantasy. There is no showing of an independent intervening act of the appellants that would dissipate the original taint of the illegal entries. Sheff v. State, supra.
The State says that despite all else, once the officers confronted the appellants in their motel room, they had a right to frisk appellants for their own safety and appellants are being charged with carrying the weapons found in the frisk, not for anything else that might have been found in the room as a result of the illegal entries, relying on section 901.151, Florida Statutes (1976) and Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). A cursory view of the statute and Terry quickly reveals that neither applies or is intended to apply to a warrantless invasion of a person's residence. Both the statute and the Terry decision rest on the exigent circumstances of a street confrontation-"necessarily swift action predicated upon the on-the-spot observation of the officer on the beat, which historically has not been and as a practical matter could not be subjected to the warrant procedure." 88 S.Ct. at 1879. There are no exigent circumstances and no circumstances which make the "stop and frisk" rule apply. There was ample time and opportunity to secure a warrant and no excuse at all is offered for its absence.
In view of the State's inability to show an exception to the warrant requirement, the order denying the motion to suppress is quashed, the judgment of conviction is reversed with directions to discharge the appellants.
REVERSED with directions.
DAUKSCH, C.J., and SHARP, J., concur.
NOTES
[1] The deputies visually searched the room but the results of that search are not revealed by this record nor is any issue raised which might have resulted from any such search.