406 So.2d 503 (1981)
Walter T. GRAHAM, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-36.
District Court of Appeal of Florida, Third District.
November 3, 1981.
Rehearing Denied December 16, 1981.
Bennett H. Brummer, Public Defender and Howard K. Blumberg, Asst. Public Defender *504 and William Liston, Legal Intern, for appellant.
Jim Smith, Atty. Gen., and Anthony C. Musto, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, NESBITT and BASKIN, JJ.
NESBITT, Judge.
Graham appeals from his judgment of conviction of robbery with a firearm and display of a firearm during the commission of a felony. Of the numerous errors complained of on appeal, only two require our attention.
The first basis relied upon for reversal was the failure of the trial court to charge on specific intent with respect to the offense of robbery. The principal defense at trial was that the defendant was voluntarily intoxicated. Indeed, he pressed that defense to the point that during closing argument his counsel in effect conceded that the defendant was the perpetrator of the robbery, but that his intoxicated state rendered him incapable of committing a robbery.
One of the requisite elements of the offense of robbery is specific intent to permanently deprive the owner of his property. Bell v. State, 394 So.2d 979 (Fla. 1981). Voluntary intoxication is relevant with respect to the capacity or ability of the accused to perform with a specific intent. Cirack v. State, 201 So.2d 706, 709 (Fla. 1967); Garner v. State, 28 Fla. 113, 9 So. 835, 845 (1891); Fouts v. State, 374 So.2d 22 (Fla.2d DCA 1979).
Graham concedes, as he must, that he did not request the trial court to charge specific intent as an essential element of robbery. He further concedes that he is not entitled to reversal unless the failure of the trial court to give such a jury instruction constituted fundamental error. In an extensive analysis of this issue, Judge Schwartz, speaking for the court in Williams v. State, 400 So.2d 542 (Fla.3d DCA 1981), concluded that the failure to charge on specific intent does not constitute fundamental error unless there was an issue injected at trial with respect to that particular element. In harmonizing the decisional law of this state, he concluded:
[F]undamental error occurs in such a situation only when the omission or error in the definition of a crime is pertinent or material to what must actually be considered by the jury in order to convict.
400 So.2d at 543.
Insofar as the defense's position was primarily based on voluntary intoxication, which bears upon the capacity or ability of the accused to form and entertain the specific intent, it is undeniable that the defense made specific intent a material issue. Consequently, the failure to so instruct mandates the reversal of the defendant's conviction.
The remaining argument which deserves attention is the alleged error in denying defendant's motion to suppress tangible physical evidence. It was alleged that on March 20, 1978, the defendant drew a gun in a Miami bar and advised the barmaid to turn over all of the cash from the register. The barmaid as well as two of the customers gave police a description of the alleged robber. One of the bar patrons wrote down the Michigan license number of the defendant's car and gave this information to the police. Officer Robert Love ran a teletype on the license number which gave him an address for the owner of the vehicle. The following day, the police checked this location and learned that the defendant was at a motel on Biscayne Boulevard. On March 23, three days after the incident, the police went to the motel and learned that the defendant had checked out on the previous day. Based on information which he received, Officer Love contacted the Deerfield Police Department to ascertain if the defendant and his vehicle were located at a certain motel and one-half hour later this was confirmed. Officer Love and a partner drove from Miami to the motel in Deerfield Beach, announced their presence, and attempted to break down the door. The defendant opened the door whereupon the officers discovered cash, clothing, and the keys to the automobile. They went outside to the car and, according to Officer Love's *505 testimony, inventoried the vehicle. In the trunk of the car, they found a suitcase which contained a handgun wrapped in a towel. Defendant's motion to suppress the handgun and the cash was denied.
All searches without a warrant are per se unreasonable unless conducted within the framework of a few established exceptions. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). The exception relied upon by the appellee was that a search of the motel room was made incident to a lawful arrest. We reject this contention.
The Fourth Amendment prohibits police officers from making a warrantless, nonconsensual entry into a suspect's home to make a routine arrest absent exigent circumstances. Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980).[1] This is equally applicable to a guest in a motel room. Stoner v. California, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964); Sheff v. State, 329 So.2d 270 (Fla. 1976); Engle v. State, 391 So.2d 245 (Fla.5th DCA 1980). Under the facts of this case, no exigent circumstances existed to justify the warrantless arrest. There was a three-day interval between the alleged robbery and the arrest; and thus, the speed required when chasing a fleeing felon was not present. After discovering that the defendant was in Deerfield Beach, the Miami officers drove there in order to make the arrest. Had an urgency existed which would have required an arrest without a warrant, the Deerfield police would have made the arrest without waiting for the arrival of the officers from Miami. Eight Deerfield police officers were at the scene when the Miami police arrived, greatly reducing the risk that the defendant would escape. We find that no exigent circumstances existed and, consequently, the arrest of the defendant in his motel room was illegal. Engle v. State, supra.
Since we have made a determination that the arrest was illegal, it is clear that the items seized from the room subsequent to the illegal arrest were unlawfully obtained. State v. Thomas, supra; Brown v. State, 392 So.2d 280, 283 (Fla. 1st DCA 1981); Busch v. State, 392 So.2d 272 (Fla. 1st DCA 1981). The keys found as a result of the illegal search could not be used to obtain the handgun from the defendant's car. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Brown v. State, supra; Busch v. State, supra.
In this particular case, because the defendant practically admitted that he was the perpetrator of the robbery and his sole defense was that of voluntary intoxication, we might well have held the admission of the cash and handgun into evidence over his objection constituted harmless error. § 924.33, Fla. Stat. (1977). However, because we must reverse the defendant's conviction for the failure of the trial court to charge specific intent with respect to the offense of robbery, we find no reason to apply the harmless error doctrine.
For the foregoing reasons, the defendant's judgment of conviction is reversed and remanded with directions to award him a new trial.
NOTES
[1] This court has held that Payton shall be applied retrospectively. State v. Thomas, 405 So.2d 462 (Fla.3d DCA 1981).