415 So.2d 135 (1982)
Quincy L. HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1110.
District Court of Appeal of Florida, Fifth District.
June 16, 1982.
James B. Gibson, Public Defender, and Leonard R. Ross, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
Appellant was charged in a two-count information with first-degree burglary (i.e., burglary with an assault), and attempted sexual battery. At trial the state presented a prima facie case that the appellant broke into the apartment of the female victim in the early morning hours of April 12, 1980. He then forced her to the bed, removed his and her clothes and attempted to rape her. The police were alerted to the scene and six police officers stationed themselves outside of the victim's apartment. The appellant was ultimately arrested as he attempted to exit the apartment through a bathroom window.
In his defense, appellant testified that he had no recollection of the alleged offense at all, or of his arrest. He testified that he had consumed large quantities of beer, wine and gin in the afternoon, evening and early morning hours before the offense and that he had smoked a considerable amount of *136 marijuana. In addition to his own testimony, three expert psychiatric witnesses also testified. Doctors George Bernard and Frank Carrera both testified they had examined the appellant and reviewed the police reports and that it was their opinion that appellant was sane at the time of the incident and had no recall of the events in question. They also testified they were unable to reach an opinion to a reasonable degree of medical certainty as to whether the appellant was or was not capable of forming the intent to commit the offenses charged. Additionally, Dr. Bernard testified that it was impossible to tell whether an individual had the intent to perform some act during an alcoholic blackout.
In contrast, Dr. Elizabeth McMahon, an expert called by the defense, testified that it was her opinion to a reasonable degree of psychological certainty that the appellant was sane at the time of the alleged offense, that he was competent to stand trial, that he had no recall of the events in question due to an alcoholic blackout, and that the appellant was incapable of forming an intent to commit the offenses charged at the time of the alleged offenses due to his condition of intoxication. It was her opinion that
he literally was not capable of forming the kind of intent that it would take to act in what we would call a goal-directed manner, in other words, to sit and plan an action, to evaluate the consequences of it, to carry it out and then be able to reflect upon it and judge his behavior in any way.
The defense's motion for directed verdict of acquittal was denied. The defendant subsequently was found guilty as to both counts and has appealed the action of the trial court in denying his motion for judgment of acquittal and for new trial.
Florida law recognizes that a person can be so intoxicated at the time an offense is committed that he does not have the ability to formulate the required intent. In other words, voluntary intoxication is a defense to a crime that requires a specific intent.[1] Both burglary[2] and battery[3] are specific intent crimes; therefore, voluntary intoxication is a viable defense to both charges.
Appellant contends that the trial court erred in failing to direct a verdict. However, where the issue of intoxication is raised, it normally is a question of fact for the jury. The defense of intoxication was first recognized in Florida in 1891 in Garner v. State, 28 Fla. 113, 9 So. 835 (1891). There, the Florida Supreme Court held that, in a trial for first-degree murder, voluntary intoxication was evidence to be considered by the jury in considering whether or not the defendant had the requisite intent at the time of the killing. Garner was followed in Jenkins v. State, 58 Fla. 62, 50 So. 582 (1909), and Ekman v. State, 120 Fla. 24, 161 So. 716 (1935), where both cases held the defense of intoxication was a question for the jury.
Although the Florida Supreme Court in Britts v. State, 158 Fla. 839, 30 So.2d 363 (Fla. 1947) held that intoxication in that case had been established as a matter of law and therefore a jury verdict was reversed, this holding appears to be an aberration of the law. The Florida Supreme Court since has followed the case law preceding Britt holding that intoxication is a question of fact for the jury. In Colson v. State, 73 So.2d 862 (Fla. 1954), the appellant was charged with "knowingly and willfully resisting ... the sheriff... ." He defended the charge *137 alleging he was too intoxicated at the time to form the requisite intent. In affirming the jury verdict, the Supreme Court noted:
He was no doubt "well soused" but it is an old saw that "some are keener drunk than others are sober." Whether or not defendant had enough left to know what he was doing was a question for the jury.
73 So.2d at 862.
All of the other district courts of appeal have held that intoxication is a question of fact for the jury.[4] Appellant argues that Doctor McMahon's expert opinion that appellant was incapable of forming an intent at the time the alleged offenses were committed was uncontradicted and had to be believed by the jury. But the two other expert witnesses, Doctors Bernard and Carrera, both testified that they were unable to reach an opinion based on the same information at Dr. McMahon's disposal. Dr. Bernard even testified that it was impossible to say. Additionally, the direct testimony of the victim and the eyewitness testimony of the police were sufficient to put appellant's intent in issue. As an issue, it was a question of fact for the jury. The standard jury instruction in criminal cases, 2.11(c) on intoxication, was requested and given to the jury. Upon the evidence presented and the jury instruction given, the jury found beyond a reasonable doubt that the appellant possessed the required specific intent at the time he committed the offenses. Therefore, the trial court did not err in denying appellant's motions for judgment of acquittal and new trial.
AFFIRMED.
COBB, SHARP and COWART, JJ., concur.
NOTES
[1] See, e.g., Colson v. State, 73 So.2d 862 (Fla. 1954); Britts v. State, 158 Fla. 839, 30 So.2d 363 (1947); Garner v. State, 28 Fla. 113, 9 So. 835 (1891); Graham v. State, 406 So.2d 503 (Fla. 3d DCA 1981); Mellins v. State, 395 So.2d 1207 (Fla. 4th DCA 1981); Pressley v. State, 388 So.2d 1385 (Fla. 2d DCA 1980); Maudlin v. State, 382 So.2d 844 (Fla. 1st DCA 1980).
[2] See, e.g., Pressley v. State, 388 So.2d 1385 (Fla. 2d DCA 1980) (intoxication is a defense to specific intent crime of burglary); Leon v. State, 186 So.2d 93 (Fla. 3d DCA 1966) (intoxication is a defense to specific intent crime of breaking and entering with intent to commit misdemeanor).
[3] See, e.g., Mellins v. State (intoxication is a defense to specific intent crime of battery of a police officer); Russell v. State, 373 So.2d 97 (Fla. 2d DCA 1979) (intoxication is a defense to specific intent crime of battery).
[4] See, e.g., Graham v. State, 406 So.2d 503 (Fla. 3d DCA 1981) (jury verdict reversed where trial court failed to instruct the jury on the intoxication defense); Mellins v. State, 395 So.2d 1207 (Fla. 4th DCA 1981) (where intent is an element of the crime and there is some evidence of intoxication, intoxication is a question of fact for the jury); Maudlin v. State, 382 So.2d 844 (Fla. 1st DCA 1980) (defense of intoxication is a question of fact for the jury); Fouts v. State, 374 So.2d 22 (Fla. 2d DCA 1979) (evidence of intoxication requires a jury be instructed on that defense).