BASKIN, Judge.
Appellant Edwards appeals the denial of his motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure. He asserts that his court-appointed counsel rendered ineffective assistance by failing to request an instruction on voluntary intoxication. The court gave the standard specific intent instruction. Edwards was convicted of premeditated first degree murder as charged. He then instituted an appeal which resulted in this court’s affirmance without prejudice to his filing a 3.850 motion in the trial court alleging ineffective assistance of counsel. Edwards filed a motion directed to that issue and, upon consideration, the trial court entered a thorough and well-reasoned order denying his motion. On appeal Edwards relies upon Graham v. State, 406 So.2d 503 (Fla. 3d DCA 1981) in which this court held that the trial court’s failure to instruct on specific intent, a material issue in the trial, constituted fundamental error. We reject appellant’s contentions, adopting the order entered by the trial court.
The trial court found, in pertinent part:
2. When a crime requires specific intent, such as the premeditation element in first degree murder, voluntary intoxication can form the basis for a defense, as it bears upon the capacity or ability of the accused to form and entertain the specific intent. Graham v. State, 406 So.2d 503 (Fla. 3d DCA 1981). However, “voluntary intoxication does not of itself prove absence of intent.” Leon v. State, 186 So.2d 93, 94 (Fla. 3d DCA 1966). Rather, “the rule appears to be that where a person is too intoxicated to entertain or be capable of forming an essential or particular intent such intent cannot exist and consequently the offense of which it is a necessary element cannot be perpetrated.” Britts v. State, 158 Fla. 839, 30 So.2d 363, 366 (1947) (emphasis added). See also Shaw v. State, 228 So.2d 619, 621 (Fla. 2d DCA 1969). Thus, “(j)ury instructions regarding intoxication ... need not be given in every case in which evidence has been adduced at trial that the defendant consumed alcoholic beverages prior to the commission of the offense.” Jacobs v. State, 396 So.2d 1113, 1115 (Fla.1981). An instruction is not required when “the evidence clearly shows the defendant was capable of reflection at the time of the homicide,” or other specific intent crime. Jacobs, supra, 396 So.2d at 1115.
3. In the present case, the sole evidence presented by the defense was Defendant’s own testimony. Defendant did testify that he was intoxicated. He did not, however, testify that he lacked the specific intent. To the contrary, he affirmatively acknowledged the existence of that intent. There was thus no evidence from which the jury could have reasonably concluded that premeditation, the specific intent dealt with here, was not shown. Thus, had a request been made for an instruction of voluntary intoxication, it would have been denied.
At trial Edwards testified:
Q ... Let me. ask you these questions. You understand that David Felton *308 was alive the second time you got back because you saw his stomach breathing, correct?
A Yes.
Q So, you did understand that?
A (Nodding in the affirmative.)
Q You have to say yes' or no.
A Yes.
Q Two, you understand that Edwin went back and was beating him up in order to kill him, is that correct?
A Yes.
Q And, you told Edwin to go ahead and finish him off, is that correct?
A Yes.
Q And then, you went on and you. got a stick in order to finish it off yourself, isn’t that correct?
A Not to finish it myself — to get him to finish what he was doing.
Q Well, you did hit him with the stick, did you not?
A Yes, I hit him some.
Q You hit him with the intention of finishing him off, to kill him, isn’t that right?
A Yes.
The trial court found:
5.Given Defendant’s own version on the events, it is clear that even if Defendant’s account was to be accepted as true in its entirety, a voluntary intoxication defense could not as a matter of law be said to exist. Defendant’s repeated admissions as to his intent show this in and of themselves to be the case. In addition, however, these admissions are buttressed by Defendant’s recognition of the need to obtain an object to kill David, his efforts and ability to find such an object, his ability to drive on an unlighted, one-lane dirt road at night without having an accident, his ability to rationally choose a logical place to dump the body and his ability to comprehend the need to wrap David’s head in a jacket. There can be no question that, as in Jacobs, supra, “the evidence clearly shows the defendant was capable of reflection at the time of the homicide.” 396 So.2d at 1115. Thus, any request for an instruction on voluntary intoxication would have been denied.
6. In light of this fact, it is apparent that Defendant did not receive ineffective representation. The standard to be applied in reviewing such a claim is set forth in Knight v. State, 394 So.2d 997 (Fla.1981). In that case, the Florida Supreme Court adopted a four prong test.
First, the specific omission or overt act upon which the claim of ineffective assistance of counsel is based must be detailed in the appropriate pleading.
Second, the defendant has the burden to show that this specific omission or overt act was a substantial and serious deficiency measurably below that of competent counsel....
Third, the defendant has the burden to show that this specific, serious deficiency, when considered under the circumstances of the individual case, was substantial enough to demonstrate a prejudice to the defendant to the extent that there is a likelihood that the deficient conduct affected the outcome of the court proceedings....
Fourth, in the event a defendant does show a substantial deficiency and presents a prima facie showing of prejudice, the state still has an opportunity to rebut these assertions by showing beyond a reasonable doubt that there was no prejudice in fact.
394 So.2d at 1001.
7. Defendant’s motion satisfies the first prong of the Knight test. It fails, however, to meet either the second or third prong.
8. As to the second prong, counsel’s failure to request an instruction on voluntary intoxication can certainly not be considered to be a substantial and serious deficiency measurably below that of competent counsel when the evidence did not form the basis for the giving of such an instruction.
There is also a second reason why this prong of Knight was not met here. The *309 first degree murder instruction given by the court informed the jury that:
Killing with premeditation is killing after consciously deciding to do so. The decision must be present in the mind at the time of the killing. The law. does not fix the exact period of time that must pass between the formation of premeditated intent to kill and the killing. The period of time must be long enough to allow reflection by the Defendant. The premeditated intent to kill must be formed before the killing.
The question of premeditation is a question of fact to be determined by you from the evidence. It will be sufficient proof of premeditation if the circumstances of the killing and the conduct of the accused convince you beyond a reasonable doubt of the existence of premeditation at the time of the killing.
[[Image here]]
This instruction allows the defense to argue the defense of voluntary intoxication. Obviously, if one is so intoxicated that he cannot form the requisite intent, he does not kill “after consciously deciding to do so.” Particularly since the jury was never told that voluntary intoxication could not be a defense, there is no reason why voluntary intoxication could not be argued to the jury under the instructions given. In fact, it was so argued. ... Indeed, given the facts of this case, as detailed previously in this order, it can even be said that the standard instruction given was more beneficial to Defendant than a special instruction on voluntary intoxication would have been. It is clear that no reasonable person would have believed that Defendant was too intoxicated to entertain or be capable of forming the essential intent. A jury would be much more likely to agree that because of his intoxication, Defendant did not kill after consciously deciding to do so. Clearly, therefore, arguing the voluntary intoxication defense under the instructions as given did not constitute a substantial and serious deficiency.
9. As to the third prong, since the court would have denied any request that was made, it is obvious that there is no possibility, much less a likelihood that the challenged omission affected the outcome of the court proceedings.
Moreover, if it was assumed that there existed some bases on which a voluntary intoxication instruction could have been based, the impact of Defendant’s own testimony was so powerful that there can be no doubt that there would have been little, if any, chance of an acquittal had the instruction been given. This is particularly true in light of the fact that, as noted in paragraph eight of this order, the defense of voluntary intoxication was properly argued to the jury under the instructions that were actually given. Thus, even if it is said that the failure to request the instruction was an omission constituting a substantial and serious deficiency measurably below that of competent counsel, it cannot be concluded that there is a likelihood that the deficiency affected the outcome of the proceeding. In fact, not only does such a likelihood not exist, but even the possibility that the outcome of the proceeding would have been affected is extremely slim.
Agreeing with the trial court, we affirm the denial of appellant’s motion.
Affirmed.