PER CURIAM.
The State of Florida has appealed an order of the trial court granting a motion for judgment of acquittal after a jury verdict of guilty. We reverse and remand for reinstatement of the jury verdict.
John Curtis Colligan was charged with aggravated battery on a law enforcement officer. The state adduced evidence at trial showing that Colligan spent the evening of the incident drinking beer and champagne at a bar. Bar personnel testified, however, that he was always in control of his behavior and at no time acted intoxicated. Colligan left the bar at 1:00 A.M.. A waitress followed him to the parking lot to return his credit card and get a signature on his bar tab; she was accompanied by the bar’s manager, Hall, and Officer Steele, who was fully uniformed. Colligan spoke clearly, and at first maintained that he had his credit card and had signed the bill. After seeing that the card was not in his wallet, Colligan exited his truck to sign the check.
The group moved to a well-lighted area of the lot. Hall testified that Colligan walked without difficulty and that he would not have been uncomfortable letting Colligan drive. After Colligan leaned over a car hood to sign the check, he began insisting that Hall return his card before he signed. Officer Steele, with whom Colli-gan had been discussing the fact that they were both city employees, offered to hold the card while Colligan signed. Suddenly, Colligan drew a knife from his pocket and lunged at Steele, slicing through his uniform and cutting his abdomen. Colligan was subdued with great difficulty and arrested.
At the conclusion of this evidence, Colli-gan moved for judgment of acquittal as to the aggravated nature of the battery, which motion was denied. Colligan then testified on his own behalf that he remembered nothing about the incident, and an expert witness opined that Colligan had suffered an “alcoholic blackout” and did not know that Steele was a police officer when he slashed at him with the knife. The jury was instructed that the specific intent to touch or strike a police officer was an essential element of the charge against Colligan, and that if it found that Colligan “was so intoxicated from the voluntary use of alcohol as to be incapable of forming the previously mentioned specific intent,” he should be found not guilty. The jury returned a verdict of guilty as charged.
The trial judge withheld adjudication, and imposed eight months of community control followed by six months probation. The state filed a motion to correct sentence, pointing out that section 775.0823(6), *549 Florida Statutes, required the court to impose a minimum mandatory term of three years, and barred it from withholding adjudication. Soon after, Colligan filed the instant motion for judgment of acquittal pursuant to Rule 3.380(c), Florida Rules of Criminal Procedure (if the jury returns a verdict of guilty, the defendant’s motion may be made or renewed within ten days after reception of a verdict, or within such other time as the court may allow).
The sole ground of Colligan’s motion was that the state had not presented competent evidence to contradict Colligan’s theory that he was too intoxicated to form the specific intent to batter Officer Steele as a law enforcement officer. After a hearing, the trial court granted the motion, finding that “the State’s circumstantial evidence failed to refute or introduce competent evidence which would be inconsistent with the defendant’s theory of events ... that voluntary intoxication prevented him from forming the requisite intent to commit the crime of aggravated battery on a law enforcement officer.” The court found Colli-gan guilty of the lesser included offense of aggravated battery, and reimposed the previous sentence.
While a motion for judgment of acquittal should be granted in a circumstantial evidence case if the state fails to present evidence from which the jury can exclude every reasonable hypothesis except that of guilt, State v. Law, 559 So.2d 187, 188 (Fla.1989), the state is not required to rebut conclusively every possible variation of events which could be inferred from the evidence. It need only introduce competent evidence which is inconsistent with the defendant’s theory of events. Once this threshold burden is met, it is the jury’s duty to determine if the evidence excludes innocence beyond a reasonable doubt. Law at 189.
In this case, Colligan theorized that he was too intoxicated to form the specific intent necessary for conviction, i.e., to know that Officer Steele was a law enforcement officer. His own testimony that he remembered nothing about the incident was bolstered by expert testimony that he had suffered an “alcoholic blackout” induced by his evening-long drinking. Inconsistent with this theory was the state’s lay testimony that, although Colligan consumed alcohol, he was in control of his behavior, and could speak understandably, walk steadily and understand the nature of the situation. The state showed as well that the incident occurred in a well-lighted area and that Officer Steele was in full uniform including gun and badge.
Implicit in the trial court’s ruling herein is a finding that such lay testimony should be given less weight than expert testimony in determining whether a jury question has been created on a disputed issue. However, it is the province of the jury to weigh evidence and it has the right to reject or accept all, or any part of, the testimony of any witness, including an expert witness. Williams v. Brochu, 578 So.2d 491, 494 (Fla. 5th DCA 1991).
For example, in Harris v. State, 415 So.2d 135 (Fla. 5th DCA), review denied 419 So.2d 1198 (Fla.1982), a defendant charged with first-degree burglary and attempted sexual battery testified at trial that he had no recollection of the alleged offenses due to his earlier consumption of alcoholic beverages and marijuana. His testimony was bolstered by expert opinion that he had suffered an alcoholic blackout and could not have formed an intent to commit the offenses charged. The state introduced the contrary testimony of the victim and the police.
Harris moved for directed verdict of acquittal, which was denied. He contended on appeal that the trial court erred in failing to direct a verdict on his behalf based on his expert’s unrefuted testimony. The appellate court affirmed, noting that “where the issue of intoxication is raised, it normally is a question of fact for the jury.” Harris at 137, n. 4 citing Maudlin v. State, 382 So.2d 844 (Fla. 1st DCA 1980). The court went on to hold that “the direct testimony of the victim and the eyewitness testimony of the police were sufficient to put appellant’s intent in issue. As an issue, it was a question of fact for the jury.” Harris at 137.
*550 In this case, we similarly find that a jury question as to Colligan’s intoxication was created by the state’s lay evidence, outlined above, the competency of which was never challenged below. The jury thereafter determined the issue adversely to Colligan, and we find that, under the circumstances of this case, the trial court abused its discretion in overturning that determination. We therefore reverse the order of the trial court granting Colligan’s post-verdict motion for judgment of acquittal, and remand with directions to reinstate the original jury verdict, and to consider the state’s motion to correct sentence which was rendered moot by the order herein appealed.
Reversed and remanded with directions.
JOANOS, C.J., and SHIVERS and ZEHMER, JJ., concur.