PER CURIAM.
The appellant, James Edward Redwitz, challenges the judgments and sentences adjudicating him guilty of kidnapping and battery and sentencing him to 145 months in prison. We affirm because the State’s objections to defense counsel’s statements during closing argument do not amount to reversible error.
The State filed an information charging the appellant with kidnapping and battery. The prosecution presented two witnesses at trial, the victim, Joan Redwitz, who was the appellant’s wife, and Deputy Ryan. Deputy Ryan was the Hillsborough County Sheriffs Deputy who responded to the victim’s 911 call. The appellant was the only witness called by the defense.
The victim testified that on the night of November 26, 1995, she and the appellant were drinking at a bar when they decided to go to another bar. This led to a fight. The appellant beat the victim in the parking lot. He tied the victim’s arms behind her back with jumper cables, threw her into their van, threatened to kill her, beat her up again, and then drove back to their home some thirty miles away. They went to bed when they got home. After the appellant fell asleep the victim called 911. *105 The victim testified that the appellant was “drunk” but that he drove the thirty miles home with no problems.
Deputy Ryan testified that she responded to the victim’s 911 call and found her crying, bruised, and with one eye swollen shut. Deputy Ryan called paramedics and then searched the house for the appellant and eventually found him hiding in the bathroom. The appellant called Ryan a “pussy” and told her she could not do this to him. He said women deserve what, they get, the victim was his wife, and he could do whatever he wanted to her. Ryan testified she observed evidence that the appellant had been drinking but he was not to the point of intoxication. Ryan stated the appellant’s faculties seemed normal, he was agile, and was able to answer her questions.
The prosecutor asked Deputy Ryan whether the jail 'had a policy regarding people who are extremely impaired by alcohol. After the appellant’s relevance and hearsay objections were overruled, Deputy Ryan testified that arrestees are initially evaluated when they come into central intake. If someone is deemed to be intoxicated, they are asked to submit a breath sample. If they refuse or the result is over a certain level, they are taken to the hospital. Ryan testified that if a person is not deemed by personnel to be intoxicated they are not taken to central breath testing. Deputy Ryan testified that the appellant was not asked to submit to a breath test and was booked without any problems in that regard.
The appellant asserted the defense of voluntary intoxication. He testified he was a former Marine who had served in Vietnam. He did not handle alcohol well because his gall bladder and seventy percent of his liver had been removed. He did not recall how much alcohol he had drunk that night, nor did he recall committing the acts. When asked why he was hiding when the deputies arrived, he testified that that is what people usually do when the police come around.
During closing arguments, defense counsel argued that the appellant was too intoxicated to form the requisite intent to commit the crimes. The prosecutor argued that the appellant was not that intoxicated and that the State did not have the burden to disprove voluntary intoxication. The appellant- argued that the burden stays with the State and it does not shift to the appellant. The prosecutor objected and the court sustained the objection. The appellant then argued that the State has the burden to prove everything in the case and the appellant does not have the burden. The prosecutor objected again and the court sustained the objections.
The jury found the appellant guilty as charged. The court adjudicated him guilty and sentenced the appellant, to 145 months in prison. The appellant filed a timely notice of appeal.
The appellant raises several issues, but the only one which merits discussion is the issue concerning the remarks about the burden of proof as to the defense of voluntary intoxication. The appellant contends that the prosecutor’s remarks, coupled with the court’s sustaining of the prosecutor’s objections, improperly shifted the burden of proof to the appellant. The appellant contends further that the jury instructions given by the trial court did not cure the problem. We disagree with the appellant’s contentions.
Voluntary intoxication is a defense to, but not an essential element of, kidnapping. See Sochor v. State, 619 So.2d 285 (Fla.1993). Thus, the supreme court ’in Sochor held that the State did not have to disprove voluntary intoxication in order to convict Mr. Sochor of felony murder based on the underlying felony of kidnapping. Since voluntary intoxication is a defense and not an essential element of kidnapping, it was not an improper statement by the prosecutor in the instant case to say that he did not have the burden to disprove voluntary intoxication. Sochor, 619 So.2d at 290.
*106 The crime of battery is also a specific intent crime and therefore voluntary intoxication is a defense to that crime and not an essential element. See also Harris v. State, 415 So.2d 135 (Fla. 5th DCA 1982). It would follow that the prosecutor’s above referenced comment as it relates to the crime of battery was not improper.
We also conclude that the trial court did not err in sustaining the prosecutor’s objections to defense counsel’s remarks that the burden remains with the State and it does not shift to the appellant, and that the State has the burden to prove everything in the case. The transcript of closing arguments clearly shows that defense counsel was referring to the voluntary intoxication defense when defense counsel stated the burden remains with the State and that the State has the burden to prove everything in the case. The transcript also shows that, while the court sustained the prosecutor’s objections to these comments immediately following the ruling, defense counsel was permitted to argue that the State has the burden of proving this case beyond a reasonable doubt.
The record also shows that the trial court correctly instructed the jury that the State had the burden of proof to establish that the appellant had the requisite intent and that voluntary intoxication can prevent an accused from forming the requisite intent.
Accordingly, we find that the trial court committed no reversible error and we affirm the judgments and sentences.
DANAHY, A.C.J., and QUINCE, J., concur.
MILLS, STANLEY R., Associate Judge, dissents with opinion.