TERRELL, Justice.
Appellant was tried and convicted because he did unlawfully, knowingly and willfully resist, obstruct and oppose the sheriff of Gilchrist County in the exercise of his lawful duty contrary to F.S. Section 843.01, F.S.A. A motion for new trial was overruled and the defendant appealed.
Several questions are urged for reversal but the gist of appellant’s grievance is that he brought himself within but was denied benefit of the rule announced in Garner v. State, 28 Fla. 113, 9 So. 835, and similar cases where he approved the doctrine that if one is so drunk as to be incapable of forming an intent, no such intent can exist nor can any offense of which it is a necessary element be committed.
Appellant does not deny resisting the sheriff but he says he was so drunk at the time he did not know what he was doing and, being so, the necessary element of “knowingly and willfully” resisting the sheriff in the performance of his duty was not present. He offers no criterion or pattern by which to determine how drunk he would have to be to incapacitate him to form an intent. The jury and the trial court found him able to form one and we find no error in their finding. Appellant admits in his brief that if there was competent evidence to prove that resistance to the sheriff was “knowingly and willfully” done, the court was correct in approving the conviction.
We do not indulge meticulous discussion of the evidence but casual inspection of it discloses that the sheriff exercised an unusually tolerant attitude in handling defendant, more in fact than reason and discretion required. He was no doubt “well soused” but it is an old saw that “some are keener drunk than others are sober.” Whether or not defendant had enough left to know what he was doing was a question for the jury. At any rate, they resolved it against him on good reasoning. The sheriff has a duty to protect the safety of the sober as well as those who get drunk, forget their responsibility to the public, and make themselves a menace to public safety. There is no better forum than a jury to determine which of these categories a man allies himself with. The record pictures appellant as a common drunk but even so it requires more than his admission that he passed out and was not responsible, to overcome the finding of the trial court and the jury.
The judgment appealed from is without error and is affirmed.
Affirmed.
ROBERTS, C. J., and MATHEWS and DREW, JJ., concur.