373 So.2d 97 (1979)
Bruce RUSSELL, Appellant,
v.
STATE of Florida, Appellee.
No. 78-2259.
District Court of Appeal of Florida, Second District.
July 25, 1979.
Robert E. Jagger, Public Defender, and William G. Sestak, Asst. Public Defender, Dade City, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Chief Judge.
Following an episode during which appellant stole a carton of cigarettes from a supermarket and then fought with the police officers who arrested him for that offense, the state charged appellant with two counts of battery of a law enforcement officer, petit theft, and disorderly intoxication. At the trial, appellant sought to have the court instruct the jury on the defense of voluntary intoxication with respect to the first three charges. The court granted this request as to petit theft but denied it as to battery of a law enforcement officer. The premise for the denial was that voluntary intoxication is not a defense to battery of a law enforcement officer because that offense is a general and not a specific intent crime. The jury found appellant guilty of attempted battery of a law enforcement officer, battery of a law enforcement officer, *98 petit theft, and disorderly intoxication. Subsequently, the court entered judgments and sentences on the four verdicts.
The one point which appellant raises here is whether the court erred in ruling that battery of a law enforcement officer is not a specific intent crime. The point is critical to this appeal because voluntary intoxication is a defense to a specific intent crime. Fouts v. State, 374 So.2d 22 (Fla. 2d DCA 1979). A specific intent crime is one in which a particular intent is a necessary element of the crime itself. Garner v. State, 28 Fla. 113, 9 So. 835 (1891); 21 Am.Jur.2d, Criminal Law § 82 (1965). Accordingly, we must examine our statutes to determine whether intent is an essential element of battery.[1]
In Section 784.03, Florida Statutes (1977), the legislature has defined battery as follows:
(1) A person commits battery if he:
(a) Actually and intentionally touches or strikes another person against the will of the other; or
(b) Intentionally causes bodily harm to an individual.
From this definition, it is evident that battery is, at least in this state, a specific intent crime. The use of the word "intentionally" clearly makes a defendant's intent to touch, strike, or cause bodily harm an element of the crime.[2]
Consequently, we reverse appellant's convictions for attempted battery of a law enforcement officer and battery of a law enforcement officer and remand for a new trial on these charges. We affirm the other two convictions.
HOBSON and BOARDMAN, JJ., concur.
NOTES
[1] For the purposes of this discussion we will not differentiate between battery and battery of a law enforcement officer. If battery is a specific intent crime, it necessarily follows that battery of a law enforcement officer is also a specific intent crime.
[2] While battery may have been a general intent crime at common law, the legislature had the power when it defined the offense, as it did for the first time in 1974, Ch. 74-383, § 19, Laws of Fla., to make it a specific intent crime. See Bell v. State, 354 So.2d 1266 (Fla. 3d DCA 1978).