452 So.2d 1093 (1984)
Charles R. EVANS, Appellant,
v.
STATE of Florida, Appellee.
No. 83-2432.
District Court of Appeal of Florida, Second District.
July 11, 1984.
*1094 Jerry Hill, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant was convicted of battery on a law enforcement officer. On appeal defendant contends that the trial court erred in denying the motion for judgment of acquittal because the defendant was intoxicated and battery on a law enforcement officer is a specific intent crime to which intoxication is a defense. We affirm. Regardless of whether battery on a law enforcement officer is a specific intent crime, the question of whether defendant's intoxication negated his intent was for the jury. Harris v. State, 415 So.2d 135 (Fla. 5th DCA 1982). The jury was instructed on the defense of intoxication and could have concluded that defendant was not intoxicated at the time he committed the offense. The fact that defendant was taken into custody under the aegis of the Myers Act, section 396.072(1), Florida Statutes (1983), did not necessarily foreclose a jury determination that he was not intoxicated.
As to whether battery on a law enforcement officer is a specific intent crime, we conclude that it is. Russell v. State, 373 So.2d 97 (Fla. 2d DCA 1979). Linehan v. State, 442 So.2d 244 (Fla. 2d DCA 1983), discusses the often nebulous distinction between specific intent crimes and general intent crimes and explains why the mere inclusion of words like "intentionally" and "willfully" in a statutory definition of a crime does not ipso facto make the crime a specific intent crime. In Linehan we receded from Russell only "[t]o the extent that Russell ... may appear to be inconsistent with our present holding." Linehan at 251. Russell was inconsistent with Linehan to the extent that "Russell found that the inclusion of the word `intentionally' in section 784.03, Florida Statutes (1977), made battery a specific intent crime to which voluntary intoxication was a defense." Linehan at 251. Battery on a law enforcement officer is a specific intent crime, as Russell holds, because the crime prohibited is "an act ... accompanied by some intent other than the intent to do the act itself or the intent (or presumed intent) to cause the natural and necessary consequences of the act." Linehan at 247. It is "a crime encompassing a requirement of a subjective intent to accomplish a statutorily prohibited result," Linehan at 248, to wit, not simply battery but battery on a law enforcement officer. The battery on a law enforcement officer statute, section 784.07, Florida Statutes (1983), requires that the perpetrator knowingly commit the offense on a law enforcement officer. On the other hand, "[a] person's subjective intent to cause the particular result is irrelevant to general intent crimes... ." Linehan at 248.
AFFIRMED.
BOARDMAN, A.C.J., and DANAHY, J., concur.