488 So.2d 610 (1986)
Francisco GONZALES, Appellant,
v.
STATE of Florida, Appellee.
No. 85-907.
District Court of Appeal of Florida, Fourth District.
May 7, 1986.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joan Fowler Rossin, Asst. Atty. Gen., West Palm Beach, for appellee.
GUNTHER, Judge.
We affirm the judgment and sentence of Counts I, II, III, and VI, and we reverse Count V. Count V, resisting an arrest with violence, is a specific intent crime. Colson v. State, 73 So.2d 862 (Fla. *611 1954). The trial court committed reversible error by failing to give the requested instruction to the jury regarding the effect of voluntary intoxication on the defendant's ability to form a specific intent. Mellins v. State, 395 So.2d 1207 (Fla. 4th DCA), review denied, 402 So.2d 613 (Fla. 1981).
Furthermore, there is a discrepancy between the court's oral pronouncement of sentence and the written sentence as to Count I. A defendant's sentence is properly what the trial court intended it to be. See United States v. Purcell, 715 F.2d 561, 563 (11th Cir.1983). It appears to be clear from the sentence and from the sentencing guidelines scoresheet that the trial judge intended to sentence the defendant to seventeen years on Count I, yet the transcript of the oral pronouncement of sentence puts the sentence at seven years. The trial court should review the record, determine whether there was an error in the transcription, and correct the record to reflect the intended sentence. See Ferguson v. State, 460 So.2d 573 (Fla. 4th DCA 1984).
AFFIRMED IN PART, REVERSED IN PART.
HERSEY, C.J., and LETTS, J., concur.