## HEATH v STATE OF FLORIDA

### Case No. 89-9470 (County Court Case No. 88-19314)

Thirteenth Judicial Circuit, Hillsborough County

December 4, 1989

#### APPEARANCES OF COUNSEL

**Dan Kirkwood,** Assistant Public Defender, for appellant.
**Jim Barton,** Assistant State Attorney, for appellee.

#### OPINION OF THE COURT

RICHARD A. LAZZARA, Circuit Judge.

The Appellant appeals a non-jury verdict finding her guilty of battery. The Appellant contends that the Trial Court erred in finding her guilty of battery because battery is a specific intent crime and there was no evidence that this Defendant specifically intended to strike the victim alleged in the information. The Appellant cites *Russell v State,* 373 So.2d 97 (2d DCA Fla. 1979).

Unfortunately for the Appellant, the holding of *Russell* upon which she relies has been receded from in *Linehan v State,* 442 So.2d 244, 147 (2d DCA Fla. 1983). The law is now clear that battery is a general intent crime. *Parker v State,* 471 So.2d 1352 (2d DCA Fla. 1985).

Thus all the State had to prove was that the Defendant intended to

commit an act of battery, that is, she intended to touch or strike another person against that person's will. The State was not required to prove that the Defendant had a subjective intent to strike the particular victim in this case in that:

A person's subjective intent to cause a particular result is irrelevant to general intent crimes because the law ascribes to him a presumption that he intended such a result. *Linehan,* Page 247.

Based on a close examination of te evidence the Court finds that the State of Florida met the burden of proof imposed upon it by the battery statute beyond a reasonable doubt and that the Trial Court was correct in denying the Defendant's Motions for Judgment of Acquittal and in finding her guilty of battery. Therefore, for the reasons expressed, the Defendant's conviction be and the same is hereby affirmed and the Clerk of this Court is directed to issue its mandate to the Trial Court as provided by law.

DONE AND ORDERED in Chambers at Tampa, Hillsborough County, Florida, on this the 4th day of December, 1989.