ON MOTION FOR REHEARING
PER CURIAM.
Thomas Kee was convicted and sentenced for prostitution, battery, and battery on a law enforcement officer. This review focuses on the battery convictions.
Officer Anna Woods entered the defendant’s office with a secret voice transmitter, posing as an applicant for a secretarial position advertised by the defendant. Shortly thereafter, she was aggressively propositioned for sexual acts as part of the employment interview process.[1] Frightened by Kee’s bold approach, Woods turned to leave but was jerked back by the defendant who swung her around to face him, grabbed both her arms, and held her still. As Woods struggled to break free, backup officers, concerned for Woods’s well-being, banged on the door demanding *797 that it be opened immediately. Woods eventually broke Kee’s grasp and allowed the two plainclothes male officers to enter the office-apartment.
Kee claims that the officers never identified themselves as law enforcement officers and that he thought they were home invasion robbers. It is undisputed that in the melee, which erupted immediately upon the entry of the back-up officers, badges and police I.D.’s were sent flying. The fifty-six year old defendant, who has poor vision, was quickly subdued. Kee was convicted of prostitution, simple battery on Officer Woods, and battery on one of the two law-enforcement officers who entered his apartment to assist Officer Woods. A two and one-half year guideline departure sentence was imposed by the trial court.
Having scrutinized the record, we conclude that the defendant was justified in the use of force not likely to cause death or great bodily harm to prevent or terminate a trespass on his office-apartment. While entertaining the motion for a directed verdict of acquittal, the trial court made a correct assessment of the evidence:
[I]n today’s time with the history and experience in the community [where] people have pretended to be cops, and dressing like street persons ... I sure wouldn’t [let them in] and I sure would resist them and fight them.... I have to deny your motion but I am helping you with your record ... [for] an appeal.
The motion for a judgment of acquittal as to the battery on a police officer should have been granted because the evidence was legally insufficient to prove that the defendant knew the victim was a police officer. Evans v. State, 452 So.2d 1093 (Fla. 2d DCA 1984) (battery on a law enforcement officer is a specific intent crime); § 784.07, Fla.Stat. (1989). For all the defendant knew in the few seconds he had to react, the victim was a mere trespasser with criminal intent. Considering the totality of circumstances, the instinctive self-defensive measures employed by the defendant were reasonably necessary. For the same reason, a conviction for simple battery against the male officer cannot stand. See Alday v. State, 57 So.2d 333 (Fla.1952) (right of person to protect his property includes right to use reasonable force in ejecting trespassers); 15 Fla.Jur.2d Criminal Law § 1031 (1979).
The charge of simple battery against the undercover female officer is affirmed as the battery against her occurred before police officers made their presence known. That nonconsensual touching was not made in self-defense.
The conviction for prostitution and the conviction for simple battery on Officer Woods are both affirmed. The conviction for battery on the male law enforcement officer, who had not been given consent to enter the defendant’s premises, is reversed and the case is remanded for resentencing.

. Officer Woods was on an investigative assignment to test the truthfulness of complaints that the defendant was using newspaper employment advertisements to lure young women to his apartment where they would be solicited for sex. Statements were made at the sentencing hearing that no less than four women had responded to the defendant’s scam ad where they were required to demonstrate sexual prowess as a qualification for employment.