618 So.2d 301 (1993)
Gary MORDICA, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2782.
District Court of Appeal of Florida, First District.
May 3, 1993.
*302 Nancy A. Daniels, Public Defender, and Lynn A. Williams, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Wendy S. Morris, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Gary Mordica appeals the judgment of conviction and sentence in circuit court case number 91-1160 based on the verdict of guilty of battery of a law enforcement officer. He also appeals an order revoking his probation in circuit court case number 90-3150 based on several violations of the conditions of his probation. We reverse the order revoking probation in case number 90-3150 because the revocation was based in part on an offense not charged in the affidavit of violation of probation. We also reverse the conviction of battery of a law enforcement officer in case number 91-1160 and remand for entry of judgment of guilty of simple battery for the following reasons.
Mordica filed a motion to dismiss the information charging him with battery of a law enforcement officer pursuant to section 784.07, Florida Statutes (1989), alleging:
1. On April 2, 1991, a fight ensued between inmates Jonathan McNeal, Petey Milton, and Gary Mordica (defendant). Correctional Officers, David Knight, Edward Cook, Thomas Stege and Scott Sullivan responded to cell block 2A to break up the fight. Upon arriving the defendant was observed striking Petey Milton. Officer Sullivan took custody and control of inmate Milton. At that point, the defendant kicked Milton in the head. Officer Sullivan also [sic] hit in the nose, while standing behind inmate Milton.

*303 2. It is the defendant's position that his behavior above related does not constitute the crime of battery on a law enforcement officer, as that crime is defined by ss. 784.07(2)(b), Florida Statutes.
After hearing, the motion was denied and the case went to trial before a jury.
At the conclusion of the state's case and at the close of all evidence, Mordica moved for judgment of acquittal on grounds, among others, that the doctrine of transferred intent relied on by the state to prove an intentional hitting of the officer was not applicable in this case for the reason that, although both the intended victim and the officer were struck with the same blow, Mordica only intended to strike the inmate and not the officer. The court denied the motions. At the charge conference, Mordica's objection to the state's requested instruction on the doctrine of transferred intent was overruled and the jury was so instructed. The jury returned a verdict of guilty as charged, and the court entered judgment in accordance with the verdict.
Mordica raises two issues focusing on the applicability of the doctrine of transferred intent in this case. He argues that: (1) the court erred in denying the motion to dismiss and motions for judgment of acquittal because, absent a correct application of the doctrine of transferred intent, which he contends does not apply to facts of this case, the state failed to establish the required element of intent to support the charge of battery of a law enforcement officer; and (2) the court erred in instructing the jury on the doctrine of transferred intent, over defense objection, since the doctrine does not apply to the facts of this case. Mordica contends that, as traditionally construed, the doctrine applies only where the intended victim is fortuitously spared the intended conduct and an unintended victim inadvertently receives the defendant's intended conduct (that is that the defendant entirely misses the intended victim and hits an unintended victim), and the doctrine clearly limits the defendant's culpability to the defendant's intended conduct. Also, Mordica argues, this legal fiction cannot be used to enhance the existing intent to commit the misdemeanor of simple battery against the inmate to an intent to commit the felony of battery on a law enforcement officer, because only the "original malice" toward the intended victim is transferred under the doctrine.
The state contends that to prove the enhanced offense of battery of a law enforcement officer it does not have to show that Mordica intended to strike the officer, but only show that Mordica intended to strike the inmate and that Mordica knew that Officer. Sullivan was a law enforcement officer. Then, the state argues, when the doctrine of transferred intent is applied, Mordica's intent to strike the inmate is transferred to the officer.
We reject Mordica's contention that the doctrine of transferred intent is applicable only where the defendant entirely misses the intended victim and hits the unintended victim. The doctrine may be applied in this case even though Appellant kicked the inmate, the intended victim, and in the process inadvertently kicked the officer without intending to do so. See Edler v. State, 616 So.2d 546 (Fla. 1st DCA 1993) (rejecting the argument that the doctrine may not be applied where the intended as well as the "supposedly" unintended victim is harmed). See also United States v. Sampol, 636 F.2d 621, 674 (D.C. Cir.1980) ("There are even stronger grounds for applying the principle [doctrine of transferred intent] where the intended victim is killed by the same act that kills the unintended victim."). However, Mordica's conviction of the charged offense must be reversed because (1) battery of a law enforcement officer is a specific intent crime requiring proof of intent to knowingly hit a law enforcement officer, and (2) the critical intent transferred by the doctrine is only that directed toward the intended victim (the inmate), not the unintended victim (the law enforcement officer).
The elements of the offense of battery of a law enforcement officer defined in section 784.07, Florida Statutes (1989),[1] are *304 "1) knowingly 2) actually 3) intentionally 4) touching or striking 5) against the will 6) of a law enforcement officer 7) engaged in the lawful performance of his duties." State v. Henriquez, 485 So.2d 414, 415 (Fla. 1986). The offense is a specific intent crime because it is
"an act ... accompanied by some intent other than the intent to do the act itself or the intent (or presumed intent) to cause the natural and necessary consequences of the act." Linehan [v. State] [442 So.2d 244] at 247. It is "a crime encompassing a requirement of a subjective intent to accomplish a statutorily prohibited result," Linehan at 248, to wit, not simply battery but battery on a law enforcement officer. The battery on a law enforcement officer statute, section 784.07, Florida Statutes (1983), requires that the perpetrator knowingly commit the offense on a law enforcement officer.
Evans v. State, 452 So.2d 1093, 1094 (Fla. 2d DCA 1984). Thus, simple battery under section 784.03, Florida Statutes (1989), is a necessarily lesser included offense of battery of a law enforcement officer. Brown v. State, 608 So.2d 114 (Fla.1st DCA 1992).
The doctrine of transferred intent, by definition, operates to transfer the defendant's intent as to the intended victim to the unintended victim, and nothing more. This is made evident by the supreme court's decision in Pinder v. State, 27 Fla. 370, 8 So. 837 (1891). In Pinder, the defendant shot at and intended to injure A but missed and hit B. He asserted that he had acted in self-defense because A was going to shoot him with a rifle. The trial court instructed the jury that
"To constitute excusable homicide by reason of the defendant acting in self-defense, it is necessary that the defendant should have perpetrated the act under the well-grounded belief, justified by the surroundings, that it was necessary to take the life of the person slain in order to save his own live, or to prevent great bodily harm to himself, at the time he fired the fatal shot."
8 So. at 840. The supreme court ruled the instruction given was erroneous for several reasons, including that
If the killing of the party intended to be hit would, under all the circumstances, have been excusable or justifiable homicide, upon the theory of self-defense, then the unintended killing of Tillman, a by-stander, by a random shot fired in the proper and prudent exercise of such self-defense, was also excusable or justifiable. We think, further, that had the killing of the intended victim been reduced by the circumstances to murder in the second or third degree, or to manslaughter in any of the degrees, then the unintended and accidental killing of a bystander, resulting from any act designed to take effect upon the intended victim, would be likewise reduced to the same grade of offense as would have followed the death of the victim intended to be killed.
8 So. at 841. (Citations omitted.) Accordingly, the doctrine of transferred intent as adopted by the supreme court of this state is governed and limited by the intent operative as to the intended victim, not the unintended victim, and the severity of the offense predicated on the doctrine of transferred intent is that applicable had the intended victim been the one injured.
In this case, the state could not apply the doctrine of transferred intent to enhance the severity of the crime from simple battery to battery of a law enforcement officer *305 by only proving that simple battery against the inmate was intended. To obtain a conviction of the enhanced offense, the state was required to prove the specific intent to knowingly commit battery against a law enforcement officer. Since the record does not support that conclusion in this case, the trial court erred in failing to grant the motion for judgment of acquittal.
Accordingly, the conviction of battery of a law enforcement officer pursuant to section 784.07 and the sentence in case number 91-1160 is reversed and the cause remanded for entry of a judgment of conviction and sentence on the lesser included offense of simple battery pursuant to section 784.03. See § 924.34, Fla. Stat. (1989) ("When the appellate court determines that the evidence does not prove the offense for which the defendant was found guilty but does establish his guilt of a lesser statutory degree of the offense or a lesser offense necessarily included in the offense charged, the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser included offense."); Gould v. State, 577 So.2d 1302, 1305 (Fla. 1991) (section 924.34 applies only to "`a lesser offense necessarily included in the offense charged'."); Shaara v. State, 581 So.2d 1339 (Fla. 1st DCA 1991) (where the defendant's convictions for sexual battery with a deadly weapon under section 794.011(3) necessarily determined the essential statutory elements of sexual battery by threats to use force likely to cause serious personal injury under section 794.011(4)(b), the appellate court has authority under section 924.34 to reverse the erroneous convictions and remand with directions to adjudicate the defendant guilty of the lesser offense on each of those counts).
We also reverse the order in case number 90-3150 because the oral pronouncement indicates that the revocation was based in part on the battery of a law enforcement officer charge in case number 91-1160, an offense not charged in the affidavit of violation of probation. Harrington v. State, 570 So.2d 1140 (Fla. 4th DCA 1990). Because it cannot be determined from the record whether the trial court would have revoked Mordica's probation absent consideration of the battery of a law enforcement officer charge, we also remand for reconsideration of the revocation in light of only those matters alleged in the affidavit of violation. See Blake v. State, 433 So.2d 611 (Fla. 1st DCA 1983).
REVERSED AND REMANDED.
ALLEN and WEBSTER, JJ., concur.
NOTES
[1] Section 784.07, Florida Statutes (1989), provides in pertinent part:

(2) Whenever any person is charged with knowingly committing an assault or battery upon a law enforcement officer ..., while the officer ... is engaged in the lawful performance of his duties, the offense for which the person is charged shall be reclassified as follows:
* * * * * *
(b) In the case of battery, from a misdemeanor of the first degree to a felony of the third degree.