679 So.2d 37 (1996)
Thomas W. FREY, Appellant,
v.
STATE of Florida, Appellee.
No. 94-04405.
District Court of Appeal of Florida, Second District.
August 16, 1996.
James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann P. Corcoran, Assistant Attorney General, Tampa, for Appellee.
DANAHY, Acting Chief Judge.
The state charged the appellant with aggravated battery on a law enforcement officer (Count I) and resisting arrest with violence *38 (Count II). The offenses were alleged to have occurred on April 20, 1994.
A jury found the appellant guilty of the lesser included offense of battery on Count I and guilty as charged of resisting arrest with violence on Count II. The trial court sentenced the appellant to time served on Count I and to thirty months' imprisonment to be followed by two years' probation on Count II.
The appellant asserts two issues on appeal. First, he argues that the trial court erred in denying his request that the jury be instructed on the application of the voluntary intoxication defense to the charge of resisting arrest with violence. We affirm on this issue but certify the question. Second, the appellant argues that the trial court erred in imposing certain probation conditions. We find no error and affirm on the second issue.
The answer to the first issue raised by the appellant depends on whether resisting arrest with violence is considered a specific intent crime or a general intent crime. The voluntary intoxication defense applies only to specific intent crimes. Linehan v. State, 476 So.2d 1262 (Fla.1985).
In the early case of Colson v. State, 73 So.2d 862 (Fla.1954), the defendant was charged with knowingly and willfully resisting the sheriff. The supreme court held that evidence as to whether the defendant was so drunk as to be incapable of forming the requisite intent presented a question for the jury. The supreme court has never receded from that opinion.
However, in Linehan, the court noted that Florida courts have rejected the voluntary intoxication defense "in the following cases" involving general intent crimes. One of the cases listed in this category was Williams v. State, 250 So.2d 11 (Fla. 3d DCA 1971), which the court described as a case involving violence while resisting arrest. Williams actually is equivocal on the issue. The court said in that case:
Appellant's argument that because he was intoxicated he ought not be held to account for his violence in resisting arrest is without basis in the law. See Colson v. State, Fla.1954, 73 So.2d 862.
Id. at 12.
In 1986 the Fourth District Court of Appeal specifically held that resisting an arrest with violence is a specific intent crime, citing Colson. The court further held that the trial court committed reversible error by failing to give the requested instruction to the jury regarding the effect of voluntary intoxication on the defendant's ability to form a specific intent. Gonzales v. State, 488 So.2d 610 (Fla. 4th DCA 1986).
Were it not for the supreme court's remarks in Linehan concerning the Williams case, we would rely on Colson and Gonzales and reverse. However, we must give due consideration to Linehan. Therefore, we affirm the trial court's decision denying the defense request that the jury be instructed on the application of the voluntary intoxication defense to the charge of resisting arrest with violence.
Because our holding is in conflict with Gonzales and addresses a question of great public importance, we certify the following question to the supreme court:
IS THE OFFENSE OF RESISTING ARREST WITH VIOLENCE A SPECIFIC INTENT CRIME TO WHICH THE DEFENSE OF VOLUNTARY INTOXICATION APPLIES?
The appellant's second issue on appeal concerns four conditions of his probation which were not orally pronounced. The appellant argues that because the conditions were not orally pronounced they must be stricken. The state appropriately responds by pointing out that the conditions listed as (4), (7), and (8) are among the eleven standard or general conditions of probation listed in the order of probation form added to Florida Rule of Criminal Procedure 3.986. The supreme court in State v. Hart, 668 So.2d 589 (Fla.1996), ruled that the listing of those conditions in the order form provides constructive notice to a defendant so as to permit an opportunity to object if probation is imposed; therefore, oral pronouncement is not required.
*39 The condition of probation numbered (10) is also a general condition of probation and need not be orally pronounced. See § 948.03(1)(k)(1), Fla.Stat. (Supp.1994); Gilchrist v. State, 674 So.2d 847 (Fla. 2d DCA 1996).
Affirmed; question certified.
PATTERSON and ALTENBERND, JJ., concur.