PER CURIAM.
In this appeal from convictions and sentences for aggravated battery and false imprisonment, the appellant claims reversible error occurred when the trial court failed to give a requested instruction on his defense of voluntary intoxication impairing his ability to form the element of specific intent for the crime of aggravated battery. We agree that there was error and that it was not harmless. Accordingly, we reverse for a new trial of the charge of aggravated battery.
The appellant, an Austrian national, met the victim in this ease, an Irish national, while both were tourists in Clearwater Beach in November 1994. They agreed to meet back in Florida later in the month to tour together. When they met again, they began sharing a motel room. On the evening in question, they had been drinking beer before they decided to walk to a restaurant not far from their motel to have dinner. The restaurant was crowded and they waited a long time for a table. During the wait, they consumed a pitcher of beer. When they finally got to their table, they drank another pitcher of beer with their dinner. When they returned to their motel room, an argument ensued during which the appellant severely battered the victim and tried to keep her from leaving the room. When she finally managed to get out, several hours later, she immediately called her sister and the police who quickly arrived and arrested the appellant.
At his trial, the appellant testified that he wasn’t much of a drinker and that he was drunk that evening after dinner because of the large amount of beer he had consumed. He admitted he must have inflicted the severe injuries the victim suffered because he was the only one with her, but he could not remember doing so. He testified that he must have blacked out during the fight, overreacting when she physically attacked and scratched him. He denied he had prevented her from leaving the room and contended that the whole incident would never have happened had he not been drunk.
At the charge conference at the close of the evidence, defense counsel requested the court instruct the jury on the defense of voluntary intoxication. The trial court denied the request saying the evidence did not show that appellant was so intoxicated so as to have lacked the mental state necessary to form specific intent. The trial court did permit defense counsel to argue this defense to *537 the jury. The jury found the appellant guilty as charged.
Voluntary intoxication is a valid defense to a specific intent crime. Frey v. State, 679 So.2d 37 (Fla. 2d DCA 1996). The basic rule in cases such as the present one is that evidence of alcohol consumption before committing a crime does not, by itself, require a jury instruction on voluntary intoxication, upon proper request, if the evidence shows use of intoxicants but does not show intoxication. Linehan v. State, 476 So.2d 1262 (Fla.1985); McInnis v. State, 642 So.2d 831 (Fla. 2d DCA 1994). However, it is well settled that a defendant is entitled to an instruction on his theory of defense if there is any evidence to support it. Bryant v. State, 412 So.2d 347 (Fla.1982). In the ease before us both the victim and the appellant testified to the use of intoxicants and there was also some evidence of intoxication. We find, contrary to the trial court, that the amount of evidence of intoxication presented crossed the threshold of legal sufficiency so that the appellant should have had the jury instructed on his defense of voluntary intoxication. Tibbs v. State, 397 So.2d 1120 (Fla.1981); cf. McInnis (because there was no evidence of intoxication, instruction on defense of voluntary intoxication properly denied, but instruction on self-defense should have been given regardless of how weak or improbable defendant’s testimony was respecting circum-' stances leading up to battery).
We further cannot conclude that the State carried its burden to show beyond a reasonable doubt that the verdict would have been the same had the error not occurred. State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Merely because the trial court allowed defense counsel to argue the defense to the jury does not render the error of refusing to instruct the jury on this affirmative defense harmless. Gardner v. State, 480 So.2d 91, 93 (Fla.1985). The closing argument defense counsel presented would have carried more weight had the jury known that the law allowed it to accept such defense.
We reverse the convictions and sentences and remand for a new trial on the charge of aggravated battery. We affirm the conviction and sentence for the crime of false imprisonment for which the appellant was also convicted because it is a crime of general intent. State v. Graham, 468 So.2d 270 (Fla.2d DCA), review denied, 475 So.2d 694 (Fla.1985). Voluntary intoxication does not provide a defense to a general intent offense. Linehan, 476 So.2d at 1264.
DANAHY, A.C.J., WHATLEY, J., and ROSMAN, JAY B., Associate Judge, concur.