703 So.2d 1156 (1997)
Timothy STANLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 97-02954.
District Court of Appeal of Florida, Second District.
December 10, 1997.
*1157 PER CURIAM.
Timothy Stanley challenges the trial court's order summarily denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Stanley raises two grounds for relief, only one of which has merit. We reverse and remand for further proceedings on his claim that his plea was involuntary because counsel failed to advise him of the defense of voluntary intoxication. We affirm Stanley's second claim without discussion.
Stanley entered negotiated pleas to the charges of battery on a law enforcement officer, resisting arrest with violence, and disorderly conduct. He received concurrent sentences of fifty-one months' prison time on the felony charges and time served on the misdemeanor. He alleges that had trial counsel advised him of the defense of voluntary intoxication, he would not have pleaded to the charges but would have gone to trial. The trial court found the claim facially insufficient because Stanley did not allege that he had informed his attorney of his intoxication at the time of the offense; he agreed to a plea bargain which "alleviated" the need for further investigation; and he signed a change of plea form indicating he was satisfied with counsel's services and was aware he was waiving any applicable defenses.
Although the trial court is correct in finding that Stanley did not allege in his motion that he informed counsel he was intoxicated at the time of the offenses, Stanley claims that the arresting officer stated in his report that "Stanley appeared to be intoxicated [with] glassy eyes, strong odor of alcohol, and slurred speech." Stanley further alleged that the complaining witness testified in a deposition that he was "drunk as a lord." In Flores v. State, 662 So.2d 1350 (Fla. 2d DCA 1995), the defendant was convicted after jury trial of first-degree murder. In Flores, this court reversed and remanded for an evidentiary hearing on Flores' claim that counsel was ineffective for failing to discuss with him and "at least explore utilizing" a voluntary intoxication defense where the trial court record indicated that Flores and another individual smoked $200 worth of crack cocaine prior to the killing. In the present case, the discovery materials available to counsel indicated the possibility of utilizing a voluntary intoxication defense. Stanley asserts he was not advised of this possibility. That concern, coupled with his claim that he would not have pleaded to the offenses had he been advised of the defense of voluntary intoxication, constitutes a facially sufficient claim of ineffectiveness of trial counsel where the offenses to which he pleaded were specific intent crimes. See Wright v. State, 675 So.2d 1009 (Fla. 2d DCA 1996) (allegation that counsel failed to investigate valid defenses, coupled with claim that had counsel done so defendant would not have pleaded, constitutes facially sufficient ineffectiveness claim). The fact that Stanley signed a plea agreement indicating satisfaction with counsel's services does not render the claim facially insufficient. See Young v. State, 661 So.2d 406 (Fla. 1st DCA 1995). Furthermore, defenses which were not brought to Stanley's attention cannot be waived.
Battery on a law enforcement officer is a specific intent crime to which the defense of voluntary intoxication applies. See Miller v. State, 636 So.2d 144 (Fla. 1st DCA 1994); Parker v. State, 471 So.2d 1352 (Fla. 2d DCA 1985). In Frey v. State, 679 So.2d 37 (Fla. 2d DCA 1996), rev. granted, 687 So.2d 1303 (Fla.1997), we held that resisting arrest with violence is not a specific intent crime.[1] Because voluntary intoxication is a defense to one of the offenses for which Stanley is serving prison time, we reverse and remand for *1158 the trial court to determine whether his plea was voluntary. Should the trial court find that Stanley was not informed of the defense of voluntary intoxication with regard to the battery on law enforcement officer charge, he should be allowed to withdraw his pleas to all charges as they were negotiated as a whole. On remand, should the trial court again summarily deny Stanley's motion, it should attach those portions of the record which conclusively refute his claim; otherwise, an evidentiary hearing will be necessary. See Botelho v. State, 691 So.2d 648 (Fla. 2d DCA 1997).
Affirmed in part, reversed in part, and remanded.
SCHOONOVER, A.C.J., and FRANK and THREADGILL, JJ., concur.
NOTES
[1] Both the First and the Fourth Districts have held that resisting arrest with violence is a specific intent crime. See Miller v. State, 636 So.2d 144 (Fla. 1st DCA 1994); Gonzales v. State, 488 So.2d 610 (Fla. 4th DCA 1986). This question is currently pending before the Florida Supreme Court. See Frey v. State, 679 So.2d 37 (Fla. 2d DCA 1996), rev. granted, 687 So.2d 1303 (Fla. 1997).