729 So.2d 428 (1999)
V.M., A CHILD, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1996.
District Court of Appeal of Florida, First District.
March 3, 1999.
*429 Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Karla D. Ellis and Kristina White, Assistant Attorneys General, Tallahassee, for Appellee.
PER CURIAM.
In the instant case, appellant argues that the trial court erred in denying her motion for judgment of acquittal and her conviction for aggravated battery should be reduced to simple battery because the doctrine of transferred intent does not apply to allow an intended simple battery to form the foundation for a conviction for aggravated battery on a pregnant woman. Although we agree with appellant's contention that transferred intent is inapplicable here, we affirm appellant's conviction and sentence.
The charge of aggravated battery on a pregnant woman against V.M. stemmed from an incident in which she went to the victim's home to confront her brother regarding an argument that began previously in their own home. Attempting to protect V.M.'s brother from the angry appellant, the victim, whom V.M. knew to be pregnant, stepped between the two. Whereupon, appellant repeatedly pummeled the victim on her upper and lower back with both open hand and fist. In response to defense counsel's motion for judgment of acquittal, the state advanced two theories. First, the state claimed the doctrine of transferred intent applied because in V.M.'s efforts to strike her brother she had struck the victim. Second, the state explained that V.M.'s specific intent to hit the victim was evidenced by V.M.'s repeated blows to the victim's back. The court denied V.M.'s motion for judgment of acquittal and found appellant guilty.
We first address appellant's transferred intent argument. Section 784.045(1)(b),Florida Statutes (1997), the statute under which appellant was convicted, provides that "[a] person commits aggravated battery if the person who was the victim of the battery was pregnant at the time of the offense and the offender knew or should have known that the victim was pregnant." The knowledge requirement in this statute is analogous to such a requirement in section 784.07, which prohibits the "knowing" commission of a battery on a law enforcement officer. In Mordica v. State, 618 So.2d 301 (Fla. 1st DCA 1993), we held that because of the knowledge requirement in 787.07(2), battery on a law enforcement officer is a specific intent crime. In accordance with our reasoning in Mordica, therefore, section 784.045(1)(b) defines a specific intent crime because the statute requires the knowing commission of a battery on a pregnant woman. Appellant is thus correct to argue that the doctrine of transferred intent does not operate in the instant case to elevate V.M.'s general intent to commit a simple battery on her brother to the specific intent required to violate section 784.045(1)(b). See (Mordica, 618 So.2d at 304-05)("In this case, the state could not apply the doctrine of transferred intent to enhance the severity of the crime *430 from simple battery to battery of a law enforcement officer by only proving that simple battery against the inmate was intended."). See also D.J. v. State, 651 So.2d 1255 (Fla. 1st DCA 1995) (holding, where school principal was struck while trying to stop student fight, transferred intent operates to transfer student's intent to commit simple battery on classmate, thus negating conviction for attempted battery on school official which requires heightened level of intent). Nevertheless, we affirm appellant's conviction.
In moving for judgment of acquittal, the defendant admits all facts in evidence adduced and every conclusion favorable to the state reasonably inferred from the evidence. Anderson v. State, 504 So.2d 1270, 1271 (Fla. 1st DCA 1986). Thus, a court should not grant such a motion "unless the evidence is such that no view which the jury may lawfully take of it favorable to the state can be sustained under law." Hardwick v. State, 630 So.2d 1212 (Fla. 5th DCA 1994). In the instant case, both the victim and an eyewitness testified that after the victim stepped between appellant and her brother, appellant repeatedly struck the victim on her back. Except for appellant's statement that she never tried to hit anyone nor lifted a hand to do so, this testimony is uncontradicted. The trial court, however, necessarily disbelieved appellant's testimony in finding her guilty. Thus, the intent to strike the victim, whom she knew to be pregnant, is evidenced by appellant's repeated blows and by her repeatedly striking the victim in the back, an area that in this case would not have been repeatedly struck inadvertently. See State v. Jenkins, 522 So.2d 890 (Fla. 2d DCA 1988) (stating that "intent, being a state of mind, must be inferred by the trier of fact from the defendant's acts and the surrounding circumstances"). Thus, the evidence is legally sufficient as to each of the elements of the aggravated battery on a pregnant woman statute, and we affirm appellant's conviction and sentence.
ERVIN, MINER and ALLEN, JJ., CONCUR.