FARMER, J.,
dissenting.
Section 784.03(1) defines battery thus: “[t]he offense of battery occurs when a person ... actually and intentionally touches or strikes another person against the will of the other.... ” In Linehan v. State, 442 So.2d 244 (Fla. 2d DCA 1983), approved on other grounds, 476 So.2d 1262 (Fla.1985), the court explained:
“A ‘general intent’ statute is one that prohibits either a specific voluntary act or something that is substantially certain to result from the act (e.g., damage to a building is the natural result of the act of setting a building afire). A person’s subjective intent to cause the particular result is irrelevant to general intent crimes because the law ascribes to him a presumption that he intended such a result. ‘[A] man is to be taken to intend what he does, or that which is the *1074 necessary and natural consequence of his own act.’ R. Perkins, PeRkins on Criminal Law 748 (2d ed.1969), citing Harrison v. Commonwealth, 79 Va. 374, 377 (1884). Thus, in general intent statutes words such as ‘willfully’ or ‘intentionally,’ without more, indicate only that the person must have intended to do the act and serve to distinguish that conduct from accidental (noncriminal) behavior or strict liability crimes.”
442 So.2d at 247. Continuing, the court said:
“Specific intent statutes, on the other hand, prohibit an act when accompanied by some intent other than the intent to do the act itself or the intent (or presumed intent) to cause the natural and necessary consequences of the act. ... Thus, to be a ‘specific intent’ crime, a criminal statute which contains words of mental condition like ‘willfully’ or ‘intentionally’ should include language encompassing a subjective intent, for example, intent to cause a result in addition to that which is substantially certain to result from a statutorily prohibited act.”
442 So.2d at 247-248. After applying the foregoing analysis, the second district receded from an earlier decision that had concluded that battery was a specific intent crime, saying:
“To the extent that Russell v. State, 373 So.2d 97 (Fla. 2d DCA 1979), may appear to be inconsistent with our present holding, we recede from Russell. Russell found that the inclusion of the word ‘intentionally’ in section 784.03 ... made battery a specific intent crime to which voluntary intoxication was a defense. Upon reflection against the background of the foregoing considerations ... we find no realistic distinction, for the purpose of determining ‘general’ and ‘specific’ intent requirements, between the words ‘willfully’ and ‘intentionally’ in the context of those words as used in the battery and arson statutes.” [c.o.]
442 So.2d at 251.
As indicated the second district had earlier held exactly the opposite, saying that battery was a specific intent crime in Russell v. State, 373 So.2d 97 (Fla. 2d DCA 1979). This court followed Russell in Mellins v. State, 395 So.2d 1207, 1209 (Fla. 4th DCA 1981), where we said that:
“Voluntary intoxication is a defense to the crime of battery on a police officer, Russell v. State, 373 So.2d 97 (Fla. 2d DCA 1979), as in other crimes requiring specific intent.”
While our holding in Mellins was primarily involved with the issue whether voluntary intoxication is a valid defense to the charge of battery, it is inescapable that our premise for approving the defense was our legal conclusion that battery is not a general intent crime. We then relied on Mellins and its rationale in Gonzales v. State, 488 So.2d 610 (Fla. 4th DCA 1986), where the charge was resisting arrest with violence.
Twelve years after Gonzales, the supreme court directly confronted the general-specific intent issue in Frey v. State, 708 So.2d 918 (Fla.1998). The charge there was resisting arrest with violence. In discussing whether the charge at issue was a general intent or a specific intent crime, the court reasoned as follows:
“To determine whether resisting arrest with violence is a general intent or specific intent crime, we look to the plain language of the statute:
843.01 Resisting officer with violence to his person. — Whoever knowingly and willfully resists, obstructs, or opposes any officer ... in the lawful execution of any legal duty, by offering or doing violence to the person of such officer ... is guilty of a felony of the third degree....
§ 843.01, Fla. Stat. (1993).
*1075 “The statute’s plain language reveals that no heightened or particularized, i.e., no specific, intent is required for the commission of this crime, only a general intent to ‘knowingly and willfully’ impede an officer in the performance of his or her duties. In fact, the statute is similar in format to the statute defining arson, which we held to be a general intent crime. Only if the present statute were to be recast to require a heightened or particularized intent would the crime of resisting arrest with violence be a specific intent crime. Our holding is in harmony with our precedent. [FNB]
[FN3] ... We disapprove Gonzales v. State, 488 So.2d 610 (Fla. 4th DCA 1986), wherein the court ruled that ‘resisting an arrest with violence[ ] is a specific intent crime.’.... [e.s., c.o.]”
Frey, 708 So.2d at 919-20.
The crime at issue in the present case is defined as “actually and intentionally [e.s.] touching] or striking] another person against the will of the other.... ” In Frey, the crime was defined as “knowingly and willfully [e.s.] resisting].... ” The adverbs, “knowingly and willfully,” were deemed insufficient in Frey to require a showing of specific intent because they disclosed “no heightened or particularized, i.e., no specific, intent [requirement] for the commission of this crime.... ” 708 So.2d at 920. Applying the identical analysis to the battery statute, the adverbs, “actually and intentionally” reveal no “heightened or particularized ... intent [requirement] for the commission of the crime [of battery].” The rationale of our decision in Mellins is so contradictory to the analysis employed in Frey and its specific disapproval of Gonzales[1] that the later decision of the supreme court in Frey necessarily has the effect of overruling Mel-lins too.
As the court explained in Linehan, “[a] person’s subjective intent to cause the particular result is irrelevant to general intent crimes because the law ascribes to him a presumption that he intended such a result.” 442 So.2d at 247. It was therefore unnecessary for the state to prove that defendant intended to strike his teacher. It was enough for the state to prove that he intended to throw the lighter that bounced on the floor and struck her before gravity ended the flight that he began.
Contrary to all of the foregoing, the majority has made battery a specific intent crime by insisting that the state adduce evidence that, in throwing down the lighter, C.B. intended to touch his teacher without her consent or, as they put it, knew that it was virtually certain that the touching would occur. As I understand the cases and the battery statute, it is enough if the state shows that C.B. intended to throw an object that was thrown in her direction and eventually struck her.

. Gonzales expressly relied on Mellins. 488 So.2d at 611.