EVANDER, J.
 

 Velazquez appeals from the summary denial of his rule 3.800(a)
 
 [1]
 
 motion to correct illegal sentence in which he alleged that his sentence was imposed in violation of the double jeopardy clause. We affirm.
 
 [2]
 
 A sentence that violates double jeopardy principles is cognizable under rule 3.800(a) where the violation can be determined without an evidentiary hearing.
 
 Hopping v. State,
 
 708 So.2d 263 (Fla.1998). Here, however, the record reflects that the complained of “sentence enhancement” occurred prior to the conclusion of Velazquez’s sentencing hearing.
 

 AFFIRMED.
 

 MONACO, C.J. and JACOBUS, J., concur.
 

 [1]
 

 . Fla. R.Crim. P. 3.800(a).
 

 [2]
 

 . Our affirmance is without prejudice to Velazquez seeking relief pursuant to Florida Rule of Criminal Procedure 3.850 for ineffective assistance of counsel. Velazquez admitted to violating the terms of his probation on four third-degree felony offenses. Although the original sentencing documents are not part of our record, it appears that the trial court had the understanding that Velazquez would be entitled to three years of DOC credit on each of the underlying offenses. If that understanding was correct, the trial court’s decision to impose three consecutive five-year prison sentences for the violations of probation would require Velazquez to serve an additional six years in prison. However, throughout the hearing, including after pronouncement of sentence, the trial court expressed that its intention was to require Velazquez to serve only an additional three years in prison.