MONACO, J.
 

 Appellant, Jesus Velazquez, appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. The record is exceedingly clear that the trial court intended to impose upon him a three-year prison sentence, but by inadvertence announced a six-year sentence. Inasmuch as defense counsel failed to object to the miscalculated sentence, and because Mr. Velazquez is currently serving the six-year sentence, we reverse.
 

 Describing in detail the convoluted sentencing of Mr. Velazquez would serve no purpose other than to confuse. Briefly, however, Mr. Velazquez was before the court to be sentenced on a violation of probation. The trial judge stated his intention on several different occasions to sentence Mr. Velazquez to six years of confinement, but with credit for three years time served. The court unquestionably intended the net remaining sentence to be confinement for an additional three years. In the final analysis, however, the court announced a sentence of three consecutive five-year sentences with credit for time served of three years for each, and a fourth five-year term with similar credit to run concurrently. Somehow the fact that this would mean that Mr. Velazquez would serve an additional six years of confinement was not recognized, and not objected to by the defense. We conclude that such a lapse amounted to ineffective assistance of counsel.
 

 When Mr. Velazquez sought post-conviction relief, a different trial judge denied his motion. The new judge concluded that, “In the absence of a plea agreement contemplating a specific sentence, the court is obliged to conclude that the defendant cannot state a basis for relief under
 
 *742
 
 Rule 3.850.” We think the trial court’s focus was misdirected.
 

 A defendant’s “sentence is properly what the trial court intended it to be.”
 
 See Jackson v. State,
 
 615 So.2d 850, 851 (Fla. 2d DCA 1993) (citing
 
 Gonzales v. State,
 
 488 So.2d 610 (Fla. 4th DCA 1986),
 
 disapproved of on other grounds by, Frey v. State,
 
 708 So.2d 918 (Fla.1998)). The intention here was that Mr. Velazquez be confined for three years in addition to his credit for time served. In fact, in an earlier iteration of the present case we specifically suggested that the sentence was miscalculated, and indicated that our affirmance of the earlier case was “without prejudice to Velazquez seeking relief pursuant to Florida Rule of Criminal Procedure 3.850 for ineffective assistance of counsel.”
 
 See Velazquez v. State,
 
 35 So.3d 948, n. 2 (Fla. 5th DCA 2010).
 

 Here there was a specific act or omission amounting to ineffective assistance that fell within the requirements of
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In addition, the prejudice resulting from the omission is patent.
 
 See Connor v. State,
 
 979 So.2d 852 (Fla.2007). Accordingly, we reverse and remand for entry of a corrected sentence consistent with this opinion.
 

 REVERSED and REMANDED.
 

 TORPY and EVANDER, JJ., concur.