ROBERTS, J.
The appellant, Ashley Crittenden, was charged with one count of battery on a person 65 years of age or older, a third-degree felony, and one count of misdemeanor battery both arising out of an altercation that occurred on April 20, 2013. The appellant filed a motion to dismiss the felony battery charge, arguing that there were no material disputed facts and the undisputed facts did not establish a pñma facie case of battery on a person 65 years of age or older. The appellant did not contest the misdemeanor battery. The State filed a traverse and demurrer in response. After a hearing, the trial court denied the motion to dismiss. The appellant subsequently pled no contest to the charges, reserving the right to appeal the denial of the motion to dismiss. We affirm.
The undisputed facts are as follows. The appellant was engaged in a physical altercation with Kiani Dale. While attempting to strike Dale, the appellant inadvertently hit the victim when he stepped in between the two women. The victim was hit on the side of the head, which caused him to fall to his knees and break his eyeglasses. It is undisputed that the victim was 65 years or older at the time of the altercation.
Section 784.08, Florida Statutes (2013), provides, in part:
(2) Whenever a person is charged with committing ... a battery ... upon a person 65 years of age or older, regardless of whether he or she knows or has reason to know the age of the victim, the offense for which the person is charged shall be reclassified as follows:
[[Image here]]
(c) In the case of battery, from a misdemeanor of the first degree to a felony of the third degree.
§ 784.08(2)(c), Fla. Stat. (2013).
The appellant’s argument below and on appeal is that her intent to hit Dale could not be transferred to the victim in order to enhance the battery from a first-degree misdemeanor to a third-degree felony. In support, she heavily relies upon Mordica v. State, 618 So.2d 301 (Fla. 1st DCA 1993), in which this Court held that the State could not apply the doctrine of transferred intent to enhance the severity of the appellant’s crime from simple battery (on an inmate) to battery of a law enforcement officer (LEO) by only proving that simple battery against the inmate was intended. This Court viewed the doctrine of transferred intent as operating to “transfer the defendant’s intent as to the intended victim to the unintended victim, and nothing more.” Id. at 304. Because battery of a LEO required proof of the specific intent to knowingly commit battery against a LEO, proof that the defendant intended to commit simple battery was insufficient. Id. The rationale in Mordica has been discussed in other contexts. See e.g., V.M. v. State, 729 So.2d 428 (Fla. 1st DCA 1999) (stating that the doctrine of transferred intent would not apply to elevate V.M.’s general intent to commit a simple battery on her brother to the specific intent required to commit a battery on a pregnant person); S.G. v. State, 29 So.3d 383 (Fla. 5th DCA 2010) (stating that the doctrine of transferred intent would not apply to *1172 transfer the intent to strike a student, a simple battery, to the intent to strike a school employee).
What distinguishes Mordica, V.M., and S.G. from the instant case is that the enhancement statutes at issue all required proof of specific intent. See Mordica, 618 So.2d at 304 (stating that battery of a LEO under section 784.07, Florida Statutes (1989), was a specific intent crime that required that the offender knowingly commit the offense on a LEO); V.M., 729 So.2d at 429 (stating that the general intent to commit a simple battery would not transfer to the specific intent required to violate section 784.045(l)(b), Florida Statutes (1997), which required that the offender “knew or should have known that the victim was pregnant”); S.G., 29 So.3d at 384 (stating that the first-degree misdemeanor battery conviction could not be reclassified to a third-degree felony under section 784.081(2)(c), Florida Statutes (2008), which required that the offender knew or had reason to know the identity or position or employment of the victim).
In contrast here, battery on a person 65 years of age or older is a general intent crime. There is no requirement here that the appellant knew or reasonably should have known the victim’s age. In other words, the appellant’s general intent to commit simple battery upon Dale could transfer to the victim who, from the appellant’s perspective under the law, effectively occupied the same status as Dale. Cf. Sagner v. State, 791 So.2d 1156 (Fla. 4th DCA 2001) (finding the doctrine of transferred intent was applicable where the evidence showed that the defendant struck a bystander “occupying the same status as the intended victim, i.e. just ‘another person.’”). Accordingly, the appellant’s motion to dismiss the charge of felony battery on a person over 65 years of age was properly denied.
AFFIRMED.
WETHERELL and OSTERHAUS, JJ., concur.